Carlos Antonio MARQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 60942.

Court of Criminal Appeals of Texas, Panel No. 3.

June 10, 1981.

---

1. The other contentions have been considered. They do not merit discussion and, accordingly, are overruled.

Tom Wright, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Leo B. Garcia, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

ODOM, Judge.

This is an appeal from a conviction for burglary of a building. Punishment was assessed at 12 years.

In his first ground of error appellant contends one of the original twelve jurors was excused from jury service for a reason not within the reasons authorized by Art. 36.29, V.A.C.C.P., and that it was error to continue with the trial with only eleven jurors.

After the jury was selected and sworn, one of the jurors was called to testify regarding something he had heard, and as a result he was excused by the trial judge:

"Q. (Judge): Sir, state your name please?

"A. James Pierce.

"Q. Sir, would you please state here in the Courtroom, so the attorneys can hear, what you just told me?

"A. Oh, I was sitting outside and one of the gentlemen out there was telling me that—what happened to his place of business, and so I just disregarded it and he said he had come into a place and it was all mess. And that they had, said that this two policemen had this man, the boy next to the car on the fender of the car and he didn't point him out.

"THE COURT: Anybody want to ask any questions?

*EXAMINATION BY MR. SMITH* (Defense Counsel):

"Q. Do you feel that what you've heard would in anyway have any effect on how you listen to the testimony since you've already received testimony?

"A. I think it would in a way. I think it would.

"MR. SMITH: I have no further questions of this witness, Your Honor, and I move for a mistrial at this time.

"THE COURT: Well, the Court is going to rule that Mr. Pierce has become disabled in the trial of this case.

"MR. BERRY: I have a few questions of Mr. Pierce, if I may?

"THE COURT: Yes, sir.

*EXAMINATION BY MR. BERRY* (Defense Counsel):

"Q. Were the comments said in the hearing of some other potential jurors also? Were all of you sitting there together?

"A. Just me. I was sitting next to the man and the policeman and these two men were sitting next to him.

"Q. He made those comments to you?

"A. Yes, sir.

"Q. Could other potential jurors have heard those comments?

"A. No.

"THE COURT: I didn't understand the answer to the last question.

"MR. BERRY: The answer was 'no', Your Honor.

"A. No.

"THE COURT: Well, the Court is going to rule that the Juror has become disabled and we will proceed with 11 jurors."

Appellant took exception to the ruling of the trial court that this juror was disabled within the terms of Art. 36.29, supra. That statute provides in part that when one juror is:

"disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; . . ."

In construing "disabled," the Court in *Griffin v. State*, Tex.Cr.App. 486 S.W.2d 948, 951, wrote:

"Disabled, as used herein, means any condition that inhibits the juror from fully and fairly performing the function of a juror. Absent an abuse of discretion by the trial judge in determining disability of the juror, no reversible error is shown."

Although the juror in this case testified that he thought what he had heard in the hall would have an effect "in a way" on his listening to the testimony, there is absolutely nothing in the record to demonstrate what he had heard that could affect him. The record does not even show that the person who talked to the juror was a witness in the case against appellant. For all this record shows the person could have been a witness in some other case being tried in another court, or not even a witness at all. We hold there was no basis shown to support the trial court's ruling that the juror was "disabled" under Art. 36.29, su-

pra. Since the erroneous ruling resulted in appellant being convicted by a jury of eleven instead of twelve, he was harmed and the conviction must be reversed.

The judgment is reversed and the cause remanded.

McCORMICK, Judge, concurring.

I write only to express my disagreement with the majority's rationale. From the record, I find that the juror's iteration of the facts given him by the unknown person match the facts that were subsequently given by the complainant. Thus, the unknown person must have been the complainant in this cause. Further, all the parties assumed at trial and admit on appeal that the juror did encounter a State's witness. I would, therefore, find no abuse of discretion in excusing the juror. See *McMahon v. State*, 582 S.W.2d 786 (Tex.Cr.App.1978). However, because I believe this case may be properly resolved under the holding of *Carrillo v. State*, 597 S.W.2d 769 (Tex.Cr.App. 1980), I concur in the result.