**Terry Eugene DURST, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–752CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 8, 1983.

Discretionary Review Refused
June 13, 1984.

Catherine Green, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

J. CURTISS BROWN, Chief Justice.

Terry Eugene Durst (Terry Durst or appellant) was charged with murder and aggravated robbery enhanced by two prior convictions. The State elected to charge only aggravated robbery and the jury found appellant guilty. A plea of true was entered to enhancement, and the court imposed a sentence of life imprisonment.

Terry Durst and his brother Ronald had arranged to buy a pound of marijuana from the decedent, Verla Murphy. Alterberry Benard had set up the meeting and was the State's only direct witness.

Benard and the Durst brothers drove to the decedent's apartment. In the decedent's kitchen the brothers and Murphy examined a pound of marijuana which was sitting on a table on a sheet of newspaper. Benard's attention was drawn to the scene several moments later when he noticed that Terry Durst was holding a pistol to Murphy's back. Benard fled the apartment as Durst struggled with Murphy, and Benard heard three shots as he exited the kitchen door.

When the Durst brothers left the apartment, they called Benard over to their car. He got into the front seat and saw a pound of marijuana wrapped in newspaper which he believed to be the one from Murphy's table. He also saw two pistols on the floor. Benard asked the Durst brothers why they had not told him a hold-up was planned. They responded they had planned to rob both Benard and Murphy.

The Durst brothers returned Benard to his home, instructing him not to tell anyone what had happened. They gave him a small sample of the marijuana.

Appellant contends in ground one that the evidence was insufficient to support conviction because the prosecution was based on uncorroborated accomplice testimony, and in ground three, that the trial court failed to charge the jury on the witness' accomplice status. In ground two appellant contends there was insufficient evidence proving theft to support a conviction for aggravated robbery. In grounds four and five appellant contends the court's charge to the jury was fundamentally defective in that other parties to the crime were not identified, and that the charge on the law of parties conflicts with the charge on circumstantial evidence.

An accomplice witness is someone who is an active participant in the commission of a crime. Complicity can be tied to events before, during, or after the actual crime, but one does not become an accomplice merely through knowledge of the crime, or failure to disclose its commission. *Carrillo v. State*, 591 S.W.2d 876 (Tex. Crim.App.1979) at 882.

Appellant argues that Benard's arrangement of the meeting, presence at the crime, sharing of the proceeds, and failure to immediately disclose the crime prove that he was an accomplice. We do not agree.

Benard's arrangement of the meeting does not show that he had knowledge of the planned theft, and in fact, the testimony indicates he was an intended victim. Mere presence at the crime does not prove complicity. *Russell v. State*, 598 S.W.2d 238 (Tex.Crim.App.1980) at 249. The gift of some marijuana does not establish an intent to become a criminal party. Delay in reporting the crime is less probative than the failure to report it at all, and as discussed in *Carrillo* the failure to report a crime does not prove complicity. In this case Benard waited until the next day to report the incident to police.

It is only when the evidence shows a witness is an accomplice as a matter of law that the judge must so instruct the jury. *Arney v. State*, 580 S.W.2d 836 (Tex.Crim.App.1979) at 839. Both *Arney* and *Carrillo* state that it is proper to submit the factual issue of complicity to the jury if some doubt exists about the witness' status. The evidence presented does not raise such doubt about Benard's status. Stronger proof of complicity is required.

Consequently, appellant was not entitled to either a jury charge on Benard's claimed status as an accomplice nor instruction that he was an accomplice as a matter of law.

 In ground two, Terry Durst asserts the state did not prove his intent to commit a theft, a requisite for conviction of aggravated robbery. The Durst brothers admitted their intent to rob Benard, and Benard observed the pound of marijuana in the front of their car. This is sufficient direct evidence for a jury to reasonably conclude that Terry Durst acted with intent to commit theft.

■ Appellant asserts the court's charge to the jury was fundamentally defective in two respects. Appellant argues the charge should have named other parties to the crime to avoid confusion in the minds of the jurors. However, the jury can look to the evidence presented in the case for the identity of parties. There is no need to name them in the charge. *Galvan v. State,* 598 S.W.2d 624 (Tex.Crim.App.1979) at 629.

■ Appellant also contends the charge created confusion by instructing the jury on Durst's actions as a party, and in explaining circumstantial evidence. The instruction on parties allowed the jury to find that Durst acted with others and the instruction on circumstantial evidence required they find he acted alone.

By stating "no other person" the instruction required the jury to find that circumstantial evidence proved the defendant was specifically and personally responsible for his acts. The instruction told the jury that any circumstantial evidence of Durst's involvement in a party offense must directly implicate him. As discussed in *Galvan,* this use of "no other person" in an instruction on circumstantial evidence does not prejudice the defendant, and if anything, is error against the state.

The evidence in the record does not show the State's witness to be an accomplice. There was sufficient evidence of theft to support conviction of aggravated robbery.

The court's charge to the jury was not fundamentally defective.

Appellant's five grounds of error are overruled. The conviction is affirmed.