**James Harold STEVENS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–066–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 27, 1991.

Law Offices of Jack V. Strickland and Jack V. Strickland, on appeal only, Fort Worth, for appellant.

Richard L. Hattox, Dist. Atty., Granbury, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

James Harold Stevens appeals his conviction by a jury for the offense of aggravated sexual assault as alleged in five paragraphs of a three count, ten paragraph indictment. The jury assessed his punishment at ninety-nine years confinement in the Texas Department of Criminal Justice, Institutional Division.

Stevens contends in eight points of error that the trial court erred: (1) by continuing his trial with only eleven jurors; (2) by submitting a jury instruction at the guilt-innocence phase of the trial that was fundamentally defective because it failed to instruct on the law of outcry; (3) by submitting a jury instruction at the guilt-innocence phase of the trial that was fundamentally defective because it failed to instruct on the law of accomplices; (4) by submitting a jury charge at the guilt-innocence phase of the trial that was fundamentally defective because it failed to instruct on the law regarding the mandatory reporting of child abuse; and (5) by not ensuring that Stevens was making an intelligent waiver of his right to conflict-free counsel. Stevens also contends that he was denied due process when the prosecutor failed in his duty to alert the court and the defense that a State's witness had given false testimony, and when the State informed the jury of allegations that the prosecutor knew or should have known he could not prove. Finally, he contends that he was denied the effective assistance of counsel, depriving him of the fair trial to which he was entitled.

We affirm because: (1) the trial court did not err in dismissing a juror with the flu and continuing with eleven jurors with the agreement of the State and counsel for Stevens; (2) since Stevens successfully showed that the State's witness, Roy Gibbons, had given inaccurate testimony concerning his D.W.I. case, any error in connection with the inaccuracy was harmless beyond a reasonable doubt; (3) Stevens failed to show that the State acted in bad faith in pursuing a case against him for the sexual assault of his four-year-old child; (4) the instruction set forth in TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1991), that the time that lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim, was not meant to apply to cases in which the victim is under fourteen years of age because under the terms of the statute the requirement that the victim inform another person of the alleged offense does not apply when the victim is under the age of fourteen; also, Stevens did not object to

the failure to give the instruction, and he has failed to show egregious harm; (5) the trial court did not err in failing to instruct the jury on the testimony of an accomplice witness because Roy Gibbons is not an accomplice; also, the absence of such an instruction did not cause egregious harm to Stevens; (6) the trial court did not err in failing to instruct the jury on the law regarding the mandatory reporting of child abuse, and its absence did not cause Stevens egregious harm; (7) the trial court did not err by failing to make inquiry into whether Stevens was making an intelligent waiver of his right to conflict-free counsel because it was counsel's duty to do so, not the duty of the court, and because there is no showing in the record that Stevens' counsel had a conflict of interest; and (8) Stevens was not denied the effective assistance of counsel because there is not a reasonable probability that, absent the alleged errors, the jury would have had a reasonable doubt respecting guilt.

■ Stevens contends in point of error number one that the trial court abused its discretion by continuing the trial with only eleven jurors. On the second morning of the trial, the trial judge informed counsel for Stevens and for the State that one of the jurors had become sick with the flu, and was running a high fever. The judge offered both sides the opportunity to have the juror brought before the court so that he might be examined as to his health. After both Stevens and the State declined, the trial court excused the juror and proceeded with the trial.

TEX.CODE CRIME.PROC.ANN. art. 36.29 (Vernon Supp.1991) provides that when during a felony trial a juror dies or becomes disabled, the remainder of the jury has the power to render a verdict. "Disabled," as used in that statute, has been defined as any condition that inhibits the juror from fully and fairly performing the functions of a juror. No error is shown where Stevens made no objection to the trial court's finding of disability. *Clark v. State*, 500 S.W.2d 107, 109 (Tex.Crim.App. 1973).

Stevens relies on *Marquez v. State*, 620 S.W.2d 131 (Tex.Crim.App. [Panel Op.] 1981). We find that case is distinguishable because the basis for dismissing the juror in that case was because of something the juror heard in the hall rather than a physical illness that showed disability on its face. *Id.* at 132. We also note that the appellant in *Marquez* objected to the trial court's ruling that the juror was disabled. *Id.* at 133. As we have noted, Stevens did not object to the trial court's continuing this case with eleven jurors. We overrule point of error number one.

■ Stevens urges in point of error number two that he was denied due process when the prosecutor failed in his duty to alert the court and the defense that a State's witness had given false testimony. Roy Gibbons testified as a witness for the State as to his observations of sexual activity between Stevens and his children. He said that he had failed to appear for a hearing in a pending D.W.I. case, and that he would probably be arrested and that he had no agreement not to have his case prosecuted should he testify. Without objection, Stevens showed that the D.W.I. case, which had been pending in an adjacent county, had been dismissed twelve days before the Stevens trial because of witness unavailability. Gibbons denied knowledge of the dismissal. There was no direct showing that the prosecutor was aware of the dismissal, although the prosecutor argued to the jury that "No, the State of Texas didn't tell him that (about the D.W.I. being dismissed). I didn't want him to know that." Because Stevens successfully showed that Gibbons was mistaken concerning the status of the D.W.I., and considering the entire record, we hold that any error concerning Gibbons' incorrect testimony was harmless because beyond a reasonable doubt it did not contribute either to his conviction or to the punishment assessed. We overrule point of error number two.

■ Stevens urges in point of error number three that he was denied due process when the State informed the jury of allegations that the prosecutor knew or should

have known he could not prove. Count three of the indictment against Stevens alleged sexual misconduct upon the person of his four-year-old child. The State informed the jury that it did not know if the child could or would be able to talk about the assault that Stevens was alleged to have committed against him. Count three was not presented to the jury because the child did not offer any testimony, and there was no other testimony presented as to such an assault. There is no showing in the evidence that the prosecutor was acting in bad faith. Obviously, predicting the ability of a four-year-old child to testify is difficult at best. Stevens presents no authority that would show that there was error here in the absence of bad faith on the part of the prosecutor. We overrule point of error number three.

Stevens insists in point of error number four that the court's charge was fundamentally defective because it failed to instruct the jury that the time that lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim, as required by article 38.07 of the Texas Code of Criminal Procedure.

Because Stevens did not object to the trial court's failure to give such an instruction, we must decide whether it was error not to give such an instruction and then, if there were error, whether the error was so egregious and created such harm that appellant has not had a fair and impartial trial. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g). We hold that this provision was not meant to apply to cases in which the victim is under fourteen years of age because under the terms of the statute the requirement that the victim inform another person of the alleged offense does not apply when the victim is under the age of fourteen. Even if there were such a requirement, Stevens has not related how he was harmed. We hold that there was no error, and, if there were, Stevens suffered no egregious harm. We overrule point of error number four.

Stevens contends in point of error number five that the trial court committed fundamental error by failing to instruct the jury on the law of accomplices. His argument was based on the contention that there was a fact issue as to whether Roy Gibbons was an accomplice since he observed the offense but did not report it as required by TEX.FAM.CODE ANN. sec. 34.01 (Vernon Supp.1991) & sec. 34.07 (Vernon 1986).

An accomplice witness is someone who is an active participant in a crime. *Durst v. State,* 675 S.W.2d 527, 528 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd). One does not become an accomplice merely through knowledge of the crime or failure to disclose its commission. *Id.* We hold that for the purposes of this rule it does not matter that it was a separate offense for Gibbons not to report the abuse. We overrule point of error number five.

Stevens argues in point of error number six that the trial court committed fundamental error by failing to instruct the jury on the law regarding the mandatory reporting of child abuse. Again, Stevens failed to object to the failure to include such an instruction. We hold that such an instruction is not necessary and should not have been given because it does not aid the jury in its determination of Stevens' guilt or innocence of the offense for which he was charged. In the event that such an instruction is required, we hold that its absence caused Stevens no egregious harm. We overrule point of error number six.

Stevens insists in point of error number seven that the trial court erred by not making inquiry into whether Stevens was making an intelligent waiver of his right to conflict-free counsel. Stevens' argument is based upon the fact that his trial attorney had also been bonding agent for Roy Gibbons in the D.W.I. case to which we have previously referred. The record does not reflect that there was a conflict of interest due to the attorney's relationships with Stevens and Gibbons, and, even if there were, it was the responsibility of

Stevens' counsel, not the trial court, to advise him concerning any possible conflict. *See Pete v. State,* 533 S.W.2d 808 (Tex. Crim.App.1976). We overrule point of error number seven.

Stevens asserts in point of error number eight that he was denied the effective assistance of counsel, thereby depriving him of the fair trial to which he was entitled. He complains of the following errors of trial counsel: (1) no request for evidence of uncharged extraneous offenses, no motion in limine with respect to uncharged extraneous offenses, and no objections at trial to such evidence of uncharged extraneous offenses; (2) no request that the State reveal any agreement with or benefits conferred on witnesses; (3) no objection to prosecutor's recitation of definition of proof beyond a reasonable doubt; (4) failure to continue questioning of potential juror who initially stated that she could not say whether being a crime victim would affect her deliberations but who subsequently stated that she thought she could be fair; failure to object to the juror; and failure to put any proposed additional questions on the record; failure to use a peremptory challenge and to request an additional peremptory challenge; (5) failure to object to trial court's excusing juror on its own motion; (6) failure to object to the trial court's error in not seating prospective juror number eight; (7) no objections to the trial court's finding that the ill juror was disabled, and no request for a hearing on the issue; (8) failure to make a record or move for a mistrial in response of the prosecutor's informing the jury of allegations that could not be proven; (9) failure to make appropriate objections or seek appropriate curative instructions regarding the inaccurate testimony of Roy Gibbons; (10) failure to let the record affirmatively show that there was no professional misconduct and that Stevens was aware of his rights to conflict-free counsel; and (11) failure to object to the errors in the charge alleged by Stevens that have previously been discussed.

The question for our review of this point of error is whether there is a reasonable probability that, absent the alleged errors, the factfinder would have had a reasonable doubt respecting guilt. *Strickland v. Washington,* 466 U.S. 668, 695, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 698 (1984). In making this determination we must consider the totality of the evidence before the jury, and the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *See id.*

 Stevens complains of trial counsel's failure to seek to discover, prior to trial, evidence of extraneous offenses. Counsel filed a detailed motion for discovery before trial. The motion included a request for the names and addresses of the witnesses to be called by the prosecution in the instant case, whether direct or rebuttal witnesses. The record does not reflect that trial counsel was surprised when those witnesses testified concerning extraneous offenses.

Both of the complaining witnesses in this case had recanted their story on at least one occasion prior to trial, a fact that called their credibility into question. Consequently, the evidence concerning extraneous offenses would have become admissible during the trial. *See Jaramillo v. State,* 817 S.W.2d 842 (Tex.App.—Fort Worth, 1991) and *Koffel v. State,* 710 S.W.2d 796, 802 (Tex.App.—Fort Worth 1986, pet. ref'd). Therefore, any failure to obtain a motion in limine or to make objection to evidence of those extraneous offenses would not be ineffective assistance, or, if it were, it would not have affected the jury's finding of guilt.

 Stevens complains that his counsel did not make a request that the State reveal any agreement with or benefits conferred on witnesses. The record does not reflect that there were any agreements between the State and any witnesses or that the State had conferred any benefit on any witness. The record does reflect that Roy Gibbons' D.W.I. was dismissed because of a witness' failure to appear, not because of any agreement with the State or because the State wished to confer any benefit on him.

Counse did not object to the State's definition of "reasonable doubt" at voir dire. In considering the State's comments on the subject as a whole, we find that the prosecutor was in effect telling the jury that it was going to be up to the jury to determine what "reasonable doubt" meant because there would be no definition of the term submitted to them in the court's charge. Because there was nothing improper in the prosecutor's comment, Stevens' counsel was not ineffective because of a failure to object.

We hold that the record does not reflect that Stevens' trial counsel was ineffective because he failed to continue questioning of a potential juror who initially stated that she could not say whether being a crime victim would affect her deliberations, but who subsequently stated that she thought she could be fair, or because he made no objections, placed no additional questions in the record, and failed to use a peremptory challenge against the juror. Reasonable trial counsel might have felt that the juror was not disqualified for cause, would be fair, and that there might be other jurors upon which he might choose to exercise a peremptory challenge.

We also hold that counsel was not ineffective for failing to object to the trial court's action in excusing jurors on his own motion. Reasonable counsel may have agreed with the court's action and not wished to delay the trial unnecessarily just so he could object and let he or the State challenge the juror for cause. We fail to see how, if this were error, that it could have affected Stevens' conviction.

Stevens suggests that his trial counsel was ineffective for allowing veniremember number eight not to be seated when he had not been excused. The record, however, appears to reflect that this veniremember was excused as a result of a peremptory challenge by Stevens. There is nothing in the record to show that the veniremember was not challenged. Even if there were, there is no allegation that any such error resulted in an objectionable juror being on the jury.

Where a juror reports to the judge of an illness that on its face constitutes a disability from continuing service on the jury panel, counsel's agreement to proceed without requiring the disabled juror to come into court and be questioned as to the disability, especially when that disability is a highly infectious illness, does not constitute ineffective assistance of counsel.

Stevens complains that counsel failed to make a record or move for a mistrial in response to the prosecutor's informing the jury of allegations that could not be proven. As we have stated, in the absence of bad faith on the part of the prosecutor, there was no error to which to object. The record reflects no effort by Stevens' appellate counsel to present evidence in post-trial proceedings concerning bad faith on the part of the prosecutor. Consequently, there is no showing of any bad faith on the part of the prosecutor of which trial counsel should have made a record.

Stevens alleges that counsel was ineffective for failing to make appropriate objections or seek appropriate curative instructions regarding the testimony of Roy Gibbons that his D.W.I. was still pending. What counsel did, of course, was prove to the jury that the case had been dismissed, contrary to Gibbons' testimony. We hold that counsel was not ineffective based on this complaint.

Stevens complains that counsel failed to let the record affirmatively reflect that there was no professional misconduct and that Stevens was aware of his rights to conflict-free counsel. We hold that there is no showing counsel was ineffective where there is no showing in the record that there was any conflict in counsel's representation. Likewise, with respect to Stevens' contention that counsel was ineffective for failing to object to certain errors in the charge, we have held that there were no such errors. Consequently, counsel was not ineffective for failing to make such objections. We overrule point of error number eight.

The judgment is affirmed.