Esequeil Loredo v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-325-CR

     ESEQUEIL LOREDO,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 97-439-C
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Esequeil “Zeke” Loredo was charged with two counts of aggravated sexual assault and
one count of indecency with a child. The victim of each offense was his oldest daughter, S.H.,
who was seven years old at the time of the first offense. S.H. testified about the incidents. 
Her mother, Nellie, who was Loredo’s ex-wife, served as the outcry witness and also gave
other testimony. Loredo testified and denied that the incidents ever occurred. Loredo pled
true to the State’s enhancement and habitual offender allegations of prior burglary convictions. 
The jury found Loredo guilty of three counts of indecency with a child and sentenced him to
31 years in prison on each count. We affirm the conviction.
      Loredo does not contest the sufficiency of the evidence relating to his conviction. Thus, a
detailed recitation of the facts is not necessary.
Cross-Examination
      In his first issue, Loredo contends that he was denied the right to cross-examination when
he was not allowed to question Nellie about her prior confrontation with Loredo regarding an
allegation of sexual abuse made by their youngest daughter, G.H.
      The State filed a motion in limine requesting the trial court to instruct Loredo to refrain
from referring to, among other things, whether he was ever questioned by Nellie or anyone
else that he had sexually abused G.H. The trial court granted the State’s motion to the extent
that Loredo was required to approach the bench outside the presence of the jury and obtain
permission before going into this matter. After Nellie’s direct examination by the State,
Loredo asked for permission, outside the presence of the jury, to go into areas of testimony
covered by the motion in limine. 
      Thus, while the jury was recessed, Nellie testified that she had previously accused Loredo
of molesting G.H. When asked if the allegations turned out to be false, she responded, “I’m
not sure.” Nellie denied that Loredo was out of the house, drinking, at the time of the alleged
abuse of G.H. When she confronted him, she took both girls, G.H. and S.H., with her and
asked Loredo if he had assaulted G.H. Nellie testified that Loredo denied the accusation and
told G.H. to tell the truth. Nellie further testified that Loredo slapped G.H. when she affirmed
that the abuse had occurred. Nellie admitted that she did not call the police but still believed
the abuse happened. After hearing this testimony and argument of counsel, the trial court
declined to make a decision until a later time.
      On re-cross, Loredo asked Nellie, in the presence of the jury, if she had made any other
allegations that Loredo had abused any of her other children. The State objected to the
question, and the trial court sustained it. In response, Loredo’s attorney asked the court:
      Counsel:      Your Honor, at this time are you overruling the objection to
motion in limine number six? That’s what you were
carrying at this time, and this is directly on point.
 
      Court:         I sustain the objection.
 
      Counsel:      No further questions.

Material to Defense

      Loredo initially contends that the question asked of Nellie was material to his defense and
not a collateral issue. He argues that the Confrontation Clause of the United States
Constitution permits him to cross-examine Nellie on any prior abuse accusations. See U.S.
Const. amend VI. The trial court maintains broad discretion to impose reasonable limits on
cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the
witness, and the injection of cumulative or collateral evidence. Lopez v. State, No. 677-99,
slip op. at 1 (Tex. Crim. App. May 3, 2000). When considering whether the Confrontation
Clause requires the admission of prior accusations, the Court of Criminal Appeals has recently
said that a reviewing court must balance the probative value of the evidence sought to be
admitted against the risk its admission entailed. Id. at 4. Without proof that a prior sexual
abuse accusation was false, the evidence fails to have any probative value in impeaching a
witness’s credibility. Id. See also Hughes v. State, 850 S.W.2d 260, 262-263 (Tex.
App.—Fort Worth 1993, pet. ref’d); Thomas v. State, 669 S.W.2d 420, 423 (Tex.
App.—Houston [1st Dist.] 1984, pet. ref’d).
Application
      When asked whether the allegations were false, Nellie replied, “I’m not sure.” She then
denied that Loredo was out drinking beer at the time of the alleged incident. She also
concluded that she believed G.H.’s accusations when Loredo slapped G.H. for saying that he
had abused her. Loredo never showed that his youngest daughter’s accusation was false. The
risk that this evidence would confuse the jury was high. See Lopez, slip op. at 4, 5. Thus, the
trial court did not err in excluding this line of testimony concerning prior allegations of abuse
against Loredo.
Motive, Bias, etc.
      Loredo also argues within his first issue that he should have been allowed to cross-examine Nellie regarding the prior allegations of abuse because the testimony would be
admissible to demonstrate motive or bias. He argues that the testimony was inconsistent, was
gratuitous, and created a false impression. He further argued that Nellie opened the door to
cross-examination on the subject. For this argument, Loredo points to Nellie’s testimony that
she was in shock when she found out about Loredo’s abuse of S.H. and could not believe he
would do such a thing.
      But, when arguing against the State’s motion to limit his discussion of the prior sexual
abuse allegation by G.H., counsel for Loredo explained to the trial court that the testimony
was relevant and that the jury was entitled to know about the allegation to weigh it against
future allegations. After presenting testimony regarding the prior allegation, Loredo’s counsel
argued to the trial court that he wanted to question Nellie about an event that may or may not
have occurred. 
      No argument was ever presented to the trial court about the use of the prior allegation to
impeach Nellie’s testimony of shock and disbelief over the present allegations. Further, the
trial court was never asked to rule on the admissibility of the prior allegation as impeachment
to show motive or bias for testifying falsely or any other reason mentioned in this subsection. 
Thus, Loredo did not preserve this argument for appeal. See Dixon v. State, 2 S.W.3d 263,
271-274 (Tex. Crim. App. 1998) (op’n on reh’g).
      Loredo’s first issue is overruled.
Specific Instance of Conduct–Credibility
      In his second issue, Loredo contends that the trial court erred in allowing the State to ask a
defense witness what he was smoking on a date alleged as the date of one of the sexual assaults
charged. The witness had been brought to the stand to provide an alibi for Loredo that he
could not have committed the offense because they were together. The witness, Loredo’s
brother, testified:
It was me and my brother and my wife and his wife, all of us had got together. Like
it was on April 1st; it was April Fool’s Day. So he got rid of his kids. I got rid of
my kids. So, you know, it was just like a grown-up thing. It was just us four, you
know. All we did was just have a little bit of drinks and smoke a little bit, but that’s
all we did. It was just, you know, there all night with, you know – it was just us four
there all night.

On cross-examination, the witness admitted that they were drinking “Mad Dog 20/20,” a type
of wine. The following exchange then took place:
      State:          And you said you smoked a little. What were you talking
about?
 
      Counsel:      Objection, Your Honor.
 
      State:          He brought it up, Judge.
 
      Court:         Go ahead.
 
      State:          What were you smoking?
 
      Witness:      It was a little bit of marijuana, sir.

      Loredo contends on appeal that the State’s question about what the witness was smoking
was an impermissible question about a specific instance of conduct and was for the purpose of
attacking the witness’s credibility. Tex. R. Evid. 608(b). As noted above, Loredo’s counsel
only stated, “Objection, Your Honor,” when the question was asked. 
      It has long been held that where the correct ground for objection was obvious to the judge
and opposing counsel, no waiver results from a general or imprecise objection. Lankston v.
State, 827 S.W.2d 907, 908 (Tex. Crim. App. 1992); Zillender v. State, 557 S.W.2d 515, 517
(Tex. Crim. App. 1977). However, when it seems from context that a party failed effectively
to communicate his desire, then the reviewing court should not hesitate to hold that appellate
complaints arising from the event have been lost. Lankston, 827 S.W.2d at 909; see also
Dixon, 2 S.W.3d at 273.
      It cannot be shown in the record that the judge and the State knew Loredo was objecting to
the question based on Rule 608(b). Thus, Loredo has not preserved this issue for our review,
and it is overruled. See Tex. R. App. P. 33.1(a).
Jury Charge
      In his final issue, Loredo argues that the trial court improperly commented on the weight
of the evidence when it instructed the jury as follows:
You are instructed that the time which lapsed between the alleged offense and the
time it was reported shall be considered by the jury only for the purpose of assessing
the weight to be given to the testimony of the victim.

Loredo contends that this instruction singles out a witness, namely, the victim, isolates
evidence, that being the lapse of time between the alleged offense and the time it was reported,
and then instructs the jury on how to pass upon that testimony from that witness concerning
that evidence. No objection was made to this portion of the trial court’s charge.
Applicable Law
      In reviewing alleged jury charge error, we must first determine whether error actually
exists in the jury charge. Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996);
Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). The Code of Criminal
Procedure provides that a trial judge shall deliver to the jury “a written charge distinctly
setting forth the law applicable to the case; not expressing any opinion as to the weight of the
evidence, not summing up the testimony, discussing the facts or using any argument in his
charge calculated to arouse the sympathy or excite the passions of the jury.” Tex. Code
Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2000). This statute forbids any discussion by the
trial judge in the jury’s presence of evidence adduced at trial which might suggest to the jury
the judge’s personal estimation of the strength or credibility of such evidence or which might
tend to emphasize such evidence by repetition or recapitulation. Atkinson v. State, 923 S.W.2d
21, 24 (Tex. Crim. App. 1996).
      Prior to 1993, Article 38.07 stated:
A conviction...is supportable on the uncorroborated testimony of the victim of the
sexual offense if the victim informed any person, other than the defendant, of the
alleged offense within six months after the date on which the offense is alleged to have
occurred. The requirement that the victim inform another person of an alleged
offense does not apply if the victim was younger than 14 years of age at the time of
the alleged offense. The court shall instruct the jury that the time which lapsed
between the alleged offense and the time it was reported shall be considered by the
jury only for the purpose of assessing the weight to be given to the testimony of the
victim.

(emphasis added). Act of May 26, 1983, 68th Leg., R.S., ch. 382, §1, 1983 Tex. Gen. Laws
2090, 2091 (amended 1993) (current version at Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon Pamp. 2000)). When the article was amended in 1993, the time frame for reporting
an offense was extended to one year, the age of the victim was raised to 18 years of age, and
the last sentence of the article was removed. Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon Pamp. 2000).
      Even before the changes were made to article 38.07 in 1993, appellate courts had said that
an instruction such as was given here was not required because the requirement that a victim
inform another person of an alleged offense did not apply if the victim was younger than 14
years of age at the time of the alleged offense. See Hellums v. State, 831 S.W.2d 545, 547
(Tex. App.—Austin 1992, no pet.); Stevens v. State, 820 S.W.2d 930, 934 (Tex. App.—Fort
Worth 1991, pet. ref’d); Gray v. State, 726 S.W.2d 640, 644 (Tex. App.—Fort Worth 1987,
no pet.). S.H. was seven years old at the time of the first offense. There was never any
requirement that she inform anyone of the offense. 
Application
      We have already held that the current version of article 38.07 is a comment on the weight
of evidence if it is tracked in a jury charge instruction. See Veteto v. State, 8 S.W.3d 805, 816
(Tex. App.—Waco 2000, pet. ref’d). Because the last sentence expresses an opinion as to how
the jury should weigh S.H.’s testimony regarding the amount of time which passed between the
time the offense happened and the time she told her mother, the instruction included in the jury
charge is also an improper comment on the weight of the evidence. It was also an incorrect
statement of the law. Thus, the instruction was erroneous. See Id.; Jimenez v. State, 992
S.W.2d 633, 638 (Tex. App.—Houston [1st Dist.] 1999), aff’d, No. 1090-99 (Tex. Crim.
App. September 13, 2000).
Harm Analysis
      Our finding of error, however, does not end the discussion. We must now determine
whether sufficient harm was caused by the error to require reversal. Hutch, 922 S.W.2d at
170-171. Because Loredo did not object to the jury instruction, he must show egregious harm
to warrant a reversal. Id. at 171; Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985) (op’n on reh’g). Errors that result in egregious harm are those which affect the very
basis of the case, deprive the defendant of a valuable right or vitally affect a defensive theory. 
Hutch, 922 S.W.2d at 171 (citing Almanza). It is a difficult standard to prove. Id. In
deciding whether egregious harm has been shown, we can look to the charge as a whole; the
state of the evidence; arguments of counsel; and any other relevant information revealed by the
record of the trial as a whole. Id.; Bailey v. State, 867 S.W.2d 42, 43 (Tex. Crim. App.
1993).
      The charge as a whole is unremarkable. There are no other erroneous or questionable
sections. We note that the offending paragraph is on the page preceding the application
paragraphs but is not a part of them. Loredo questioned S.H. about her delay in telling her
mother and questioned Nellie about her delay in reporting the abuse to the proper authorities. 
Because of her age, any delay by S.H. in reporting the abuse to her mother has no bearing on a
contested issue in the case. In its argument to the jury, the State mentions only Nellie’s delay
in reporting the incident to authorities. Neither side discusses S.H.’s delay in making her
outcry.
      Loredo contends that the instruction harmed him because it served to inform the jury that
it could not judge the credibility of Nellie or place any weight on her testimony based on her
delay in reporting the abuse. That is not the focus of the instruction. Actually, the instruction
served Loredo’s interest by attacking S.H.’s credibility on the reporting delay issue. A person
under the age of 18 need not even make an outcry statement of sexual abuse. Tex. Code
Crim. Proc. Ann. art. 38.07 (Vernon Pamp. 2000). But, with the instruction given, the court
allowed the jury to judge her credibility based on a delayed action that she did not even have to
perform.
      In reviewing the record as a whole, Loredo did not show that he suffered egregious harm. 
His third issue is overruled.
Conclusion
      Having overruled all the issues, Loredo’s conviction is affirmed.
 
                                                                               TOM GRAY
                                                                               Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Vance concurring)
Affirmed
Opinion delivered and filed October 18, 2000
Publish