Affirmed and Majority and Concurring Opinions filed May 1, 2007








Affirmed and Majority and Concurring Opinions filed May 1,
2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00088-CR

____________

 

JASON EARL WOOLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 997,161

 



 

M A J O R I T Y   O P I N I O N

A jury found appellant, Jason Earl Wooley, guilty of
capital murder and sentenced him to forty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice. 
Appellant raises two issues in his appeal.  He claims that the evidence adduced
at trial was both legally and factually insufficient to sustain his
conviction.  Because we find that the evidence was sufficient when measured
against a hypothetically correct jury charge, we affirm.

 








Factual and Procedural Background

On July 15, 2004, appellant was present at the Perfect Rack
pool hall, and appeared to be working as a bouncer.  Nancy Almanza and her
friend Claudia Beltran arrived at the pool hall late that evening to have
drinks, and so that Almanza could speak with someone about getting a job at the
establishment.  Beltran was, at the time, dating Adrian Payan, who  had come to
the pool hall twice that evening to pick up cash from Beltran, and to borrow
Beltran=s cell phone.  At
some point in the evening, a man named Marcos asked Beltran to call Payan,
which she did, apparently relaying the message that someone at the pool hall
wanted to engage Payan in a fist fight.  Payan returned to the pool hall,
apparently ready for the fist fight, as Beltran and Almanza were leaving. 
Payan and his friend Escobar left a third person, the complainant, in the
vehicle, and approached the front door of the pool hall where appellant stood. 


Appellant took offense to Payan=s manner of
approaching, brandished a pistol, and fired one shot into the ground.  Payan
and Escobar turned and ran, and several witnesses testified that at this point
a barrage of gunfire was heard.  There was testimony that appellant fired several
more shots, following Payan and Escobar into the parking lot.  There was also
testimony that a man in a blue shirt, later identified as Pablo Velez, also
fired a gun in the parking lot.  The police officers who analyzed the crime
scene said that at least three, and possibly four, people fired shots. Payan
was shot, but managed to hide in a Abus barn@ next door to the
pool hall.  The complainant apparently left the vehicle at some point, and was
fatally shot.  The police could not determine who fired the shot causing the
fatal injury.

Under the charge, appellant could have been convicted in
one of four ways:  for intentionally or knowingly causing the death of the
complainant by shooting him with a firearm, or for causing the death of the
complainant by intentionally or knowingly committing an act clearly dangerous
to human life while intending to cause serious bodily injury, or for being a
party to Velez=s commission of either of those offenses.  The jury
entered a verdict of guilty, without specifying which theory it relied upon.  








Analysis

Assuming, without deciding, that the evidence in support of
convicting appellant as a principal is insufficient, we will turn our attention
to analyzing whether evidence was sufficient to sustain a conviction as a
party.

I.        Our
Basis for Review of a Sufficiency Challenge

A.      We Measure
Against the Hypothetically Correct Charge

When reviewing the sufficiency of evidence we do not
measure the sufficiency by the jury charge actually given, but rather by the
hypothetically correct jury charge for the case.  Malik v. State, 953
S.W.2d 234, 239B40 (Tex. Crim. App. 1997).[1] 
Such a charge would accurately set out the law, be authorized by the
indictment, would not unnecessarily increase the State=s burden of proof
or unnecessarily restrict the State=s theories of
liability, and would  adequately describe the particular offense for which the
defendant was tried.  Id. at 240.  The purpose of this rule was stated
as Aensur[ing] that a
judgment of acquittal is reserved for those situations in which there is an
actual failure in the State=s proof of the crime rather than a mere
error in the jury charge submitted.@  Id.  Under
Malik, before we may perform an evidence sufficiency review, we must
determine what a hypothetically correct jury charge allowing conviction as a
party to murder would look like.  

A person may be found guilty as a party to an offense if he
is criminally responsible for the conduct of the person who committed the
offense.  Tex. Pen. Code ' 7.01(a).  A
person is criminally responsible for the offense committed by another=s conduct if,
acting with intent to promote or assist the commission of the offense, he
solicits, encourages, directs, aids, or attempts to aid the other person to
commit the offense.  Id. ' 7.02(a)(2).  

 








B.      This Jury
Charge Incorrectly Increased the State=s Burden

We find the jury charge in this case incorrect in its 
application of the law of parties.  Under the charge, appellant could be found
guilty as a party only upon a finding that Pablo Velez, Jr. caused the
complainant=s death.  We believe that restricting the identity of
the principal in this way unnecessarily increased the State=s burden of proof,
thereby rendering the charge incorrect.  

Parties to an offense need not be named in the charge,
since the jury is capable of looking to the evidence to identify any parties.  See
Galvan v. State, 598 S.W.2d 624, 629 (Tex. Crim. App. 1979); Reid v.
State, 57 S.W. 662, 663B64 (Tex. Crim. App. 1900); Durst v.
State, 675 S.W.2d 527, 529 (Tex. App.CHouston [14th
Dist.] 1983, pet. ref=d).  When the jury looks to the evidence
to identify parties, the evidence itself need not contain the parties= names.  See
Webb v. State, 760 S.W.2d 263, 267, 275 (Tex. Crim. App. 1988) (approving
of a jury instruction that allowed conviction for capital murder if defendant Aaided or attempted
to aid another person@) (emphasis added); Jones v. State,
659 S.W.2d 492, 493 (Tex. App.CFort Worth 1983, no pet.) (approving of
use of the word Aanother@ in parties charge
when identity of three co-parties was unknown).  Rather, the only relevant
inquiry for the jury is whether others committed the offense charged and
whether  appellant was criminally responsible for their actions. Childress
v. State, 917 S.W.2d 489, 493 (Tex. App.CHouston [14th
Dist.] 1996, no pet.) (citing Gordon v. State, 714 S.W.2d 76 (Tex. App.CSan Antonio 1986,
no pet.)).[2]








The jury charge should have allowed a conviction as a party
if the jury found that APablo Velez, Jr. or another person@ caused the death
of the complainant, and appellant, with intent to promote or assist the
commission of the offense, if any, solicited, encouraged, directed, aided or
attempted to aid APablo Velez, Jr. or another person@ to commit the
offense.  Such an instruction would have relieved the State of the burden of
proving that it was either Velez or appellant whose bullet killed the
complainant, and would have allowed the jury to find that anyone involved in
the shooting, including unnamed individuals, caused the death.  With this in
mind, we turn to consider the sufficiency of the evidence in this case.[3]


II.       Legal
Sufficiency

A.      Standard
of Review and Proof of Guilt as a Party

When reviewing the legal sufficiency of evidence,  we
examine the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319 (1979);  Mason v. State, 905 S.W.2d 570, 574 (Tex. Crim. App.
1995). 








As mentioned above, we are restricting our review to
whether the evidence sufficed to convict appellant as a party to murder.  To
convict a person as a party, it is first necessary to prove the guilt of
another person as the primary actor beyond a reasonable doubt.  Richardson
v. State, 879 S.W.2d 874, 882 (Tex. Crim. App. 1993).  Then the State must
prove that the defendant intended to promote or assist the person, and that the
defendant solicited, encouraged, directed, aided or attempted to aid that
person in the commission of the criminal offense.  Tex. Pen. Code ' 7.02(a)(2); Pesina
v. State, 949 S.W.2d 374, 382 (Tex. App.CSan Antonio 1997,
no pet.).  Circumstantial evidence may be used to show that a person is a party
to an offense.  Thomas v. State, 915 S.W.2d 597, 599 (Tex. App.CHouston [14th
Dist.] 1996, pet. ref=d).   The circumstantial evidence must
show that at the time of the offense, the parties were acting together, each
contributing some part  toward the execution of their common purpose.  Id. at
599B600.   In
determining whether a defendant was a party, the court may examine the events
occurring before, during, and after the commission of the offense.  Id. at
600.

In this case, we examine the record for evidence that would
allow a rational juror to find beyond a reasonable doubt that: 1) Pablo Velez,
Jr., or another person, intentionally or knowingly caused the death of
complainant, or intending to cause serious bodily injury to complainant, caused
his death by intentionally or knowingly committing an act clearly dangerous to
human life; 2) appellant had the intent to promote or assist the commission of
the murder; and 3) appellant solicited, encouraged, directed, aided or
attempted to aid that person in the commission of the murder.

B.      Evidence
Was Legally Sufficient

First, ample evidence shows that either Velez or someone
else intentionally shot and killed complainant or caused his death by
intentionally or knowingly committing an act clearly dangerous to human life. 
According to the testimony of the witnesses, as well as the analysis of the
investigating officers, the gunfire appeared to be in the nature of an ambush
of Payan.  The circumstances of the shootingCa freewheeling
shoot out without regard for the safety of people in the parking lotCprovide more than
enough proof that the person who fired the fatal shot intended to kill or do
serious bodily injury, and it was undisputed that the gunshot wound received
during the shootout caused the complainant=s death.








Next, we determine if the State sufficiently proved that
appellant intended to promote or assist the murder.  Appellant requested the
fist fight with Payan, thereby drawing Payan to the pool hall.  Immediately
after appellant fired his first shot into the ground, more gunfire was heard
and seen coming from gunmen in the parking lot. According to the testimony of
Beltran, appellant followed Payan and Escobar into the parking lot and fired
multiple rounds at them as they fled.  Appellant was also seen leaving the
scene of the crime in a Cadillac along with a gunman from the parking lot, who
was later identified as Velez.  This evidence is enough to allow a rational
juror to conclude beyond a reasonable doubt that appellant was involved with
other gunmen as part of a coordinated attack at least on Payan and Escobar,
without regard for the safety of anyone who may have accompanied them to the
pool hall. 

The final element is whether legally sufficient evidence
shows that appellant solicited, encouraged, directed, aided or attempted to aid
the murderer in the completion of the offense.  Appellant aided the ambush by
having the message relayed to Payan that appellant wanted to fight him. 
Appellant furthered the ambush by shooting at Payan, Escobar, and complainant
in the parking lot.  These acts sufficiently show that appellant aided the
murderer.  The fact that other shots were not heard or seen until appellant
fired the first shot toward the ground also suggests that he was aiding in the
completion of the offense.  All of this evidence taken together would allow a
rational juror to conclude beyond a reasonable doubt that appellant did indeed
aid or encourage the commission of the offense. We hold the evidence was
legally sufficient to support a verdict of guilty based on his participation as
a party.

III.      Factual
Sufficiency

A.      Standard
of Review

In a factual sufficiency review, we consider all the
evidence in a neutral light and set aside the verdict only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust.  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  A court of appeals
may not reverse a jury=s decision just because it disagrees with
the result.  Id.  We may only find the evidence factually insufficient
where necessary to prevent manifest injustice. Id.  

B.      Evidence
Was Factually Sufficient








Appellant attacks the factual sufficiency of the evidence
with ten numbered points apparently attacking the two elements of party
liabilityCintent and soliciting, encouraging, directing, aiding,
or attempting to aid.  The jury is the sole judge of the credibility of the
witnesses and the weight to be given the witnesses= testimony.  See
Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  Unless the
available record clearly reveals a different result is appropriate, an
appellate court must defer to the jury=s determination
concerning what weight to give contradictory testimonial evidence because
resolution often turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.  Johnson v.
State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). 

Appellant=s first three points all complain of a
lack of evidence of a connection between appellant and Velez, and the lack of
evidence of a plan or agreement.  As stated above, circumstantial evidence may
provide the proof that the parties were acting together.  Even though, as
Appellant points out, no direct evidence of a plan exists, circumstantial
evidence showed a plan.  Immediately following appellant=s first shot,
gunfire erupted from one or more people already at the pool hall when Payan
arrived.  During, or shortly after, the fight, appellant and Velez were seen
leaving in the same car.  Both facts are very strong evidence of both intent to
aid and actual aid.  The lack of direct evidence of a plan or agreement does
not overwhelm the circumstantial evidence that appellant and Velez acted
together pursuant to a plan.  Additionally, as we stated above, under the
hypothetically correct jury charge, appellant could be convicted if he was
found to have been acting in concert with any person the jury believed to be
the murderer, not just Velez.  Thus, whether appellant was sufficiently
connected to Velez is immaterial.  

In his numbered
points four through seven and nine, appellant attempts to cast doubt on the
factual sufficiency of the evidence by bringing to light facts that impeach the
testimony of several witnesses:

$                  
Beltran=s testimony at trial that appellant
and Velez left together conflicted with her statement to police, in which she
said she did not see appellant leave. 

$                  
Beltran and
Almanza each had several alcoholic beverages that evening.

$                  
Payan testified
that he was shot in the back, when medical records suggest he was shot in the
stomach.  

$                  
Payan had
committed two robberies and was imprisoned at the time of appellant=s trial.  








$                  
Testimony
conflicted regarding whether Payan took his shirt off as he approached
appellant in the parking lot.    

In his two remaining numbered
points, rather than pointing to impeaching evidence from trial, appellant
presents versions of events which the State failed to rule out:

 

$                  
The State did
not rule out the possibility that any other gunman could have been a friend of
Payan=s rather than an associate of
appellant.

$                  
The
State could not affirmatively show that appellant=s gun fired the
bullet that killed complainant.

Appellant presented no witnesses at trial.  He relies on
these uncertainties in the evidence to claim that the verdict is factually
insufficient.  This argument is no different than asking us to disregard the
jury=s assessment of
the credibility and weight of the State=s evidence and to
substitute our own.  We cannot do this absent manifest injustice, which is not
present here.  See Cain, 958 S.W.2d at 407.[4] 
We overrule appellant=s complaint of factual insufficiency.  

Conclusion

Having overruled both appellant=s legal and
factual sufficiency issues, we affirm the judgment of the trial court. 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment rendered and Majority and Concurring Opinions
filed May 1, 2007.(Hedges, C.J. concurring.)

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Publish C Tex. R. App. P. 47.2(b).









[1]  We continue to assume that Malik applies to
both legal and factual sufficiency review, though the Court of Criminal Appeals
has only expressly applied it to the former.  See Villani v. State, 116
S.W.3d 297, 307 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).  





[2]  At least one commentator has suggested that the
Court of Criminal Appeals may require that the charge name the primary actor.  See
43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice
and Procedure ' 36.20 n.6 (2d ed. 2001) (citing to Jaycon v. State,
651 S.W.2d 803, 808 (Tex. Crim. App. 1983)). We think that Jaycon stands
only for the proposition that the court must give a complete application
paragraph as to party liability when necessary.  In outlining what the charge
in that case should have contained, we think that the court used the principal=s name simply because it was known.  We do not believe
that the Court of Criminal Appeals meant to suggest a requirement that the
principal=s name always be included in a charge instruction.





[3]  Deciding a case on facts or law not submitted to the
jury can raise constitutional concerns.  Malik, 953 S.W.2d at 238 n.3. 
However, this case does not implicate constitutional concerns.  We are altering
the factual determination made by the jury no more than was done in Young v.
State, in which the Court of Criminal Appeals lowered the burden on one element
of an enhancement statute from showing that a prior offense occurred near
school owned land to showing that the offense occurred near a school.  14
S.W.3d 748, 750B53 (Tex. Crim. App. 2000).





[4]  Appellant also contends that Schiffert v. State should control
our analysis.  157 S.W.3d 491 (Tex. App.CFort Worth 2004, pet. granted), vacated, 207 S.W.3d
800 (Tex. Crim. App. 2006).  Schiffert
was vacated and remanded for further consideration because the Fort Worth
Court of Appeals evaluated factual sufficiency under Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004), which has been recently overruled by Watson
v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006).  We therefore find it
unnecessary to distinguish Schiffert without knowing how the Fort Worth
court will analyze the facts under Watson.