**Wade GORDON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–85–00330–CR, 04–85–00331–CR.**

Court of Appeals of Texas,
San Antonio.

June 30, 1986.

David R. Weiner, San Antonio, for appellant.

Sam Millsap, Jr., Charles Strauss, Lyndee Ahrnstedt, Charles Estee, Crim. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from two judgments of conviction, the first in an aggravated sexual assault case and the second in an aggravated kidnapping case. Appellant was indicted for the two felony offenses that occurred during the same episode, i.e. in cause number 85–CR–1350 for the offense of aggravated sexual assault and in cause number 85–CR–1351 for the offense of aggravated kidnapping. Both cases were tried together before a jury in the 227th District Court of Bexar County. The jury returned separate verdicts and found appellant guilty of the offense charged in each case. The Court assessed his punishment of 99 years confinement in each case. We affirm.

The complainant testified at trial that she was abducted by three males and forced to engage in sexual intercourse with all three. She identified appellant and two other males, who were brought into the courtroom during her testimony, and who were later identified as Demetrica Bell and Gerry Gordon, as all three of the men involved in her kidnapping and sexual assault.

In its charge to the jury in each case, the court included, *inter alia*, a general definition of parties and, in the application paragraph, the court required that the jury find that appellant committed the offense "either acting alone or together as a party." Appellant objected to the failure of the charge in each case to specifically require the jury to find that the parties acting with appellant, if any, were Demetrica Bell and Gerry Gordon. His contention is the same in both appeals and it is his sole ground of error.

Since the theory was raised by the state's evidence, appellant argues that Demetrica Bell and Gerry Gordon were the parties with whom appellant acted in committing the offenses charged and the state should not have been allowed to obtain a conviction without a jury finding on that theory. Appellant asserts that under the principals set out first in *Williams v. State*, 547 S.W.2d 18, 20 (Tex.Crim.App. 1977) i.e.: "the charge, to instruct the jury properly must apply the law to the facts raised by the evidence", and second in *Ellis v. State*, 551 S.W.2d 407, 411 (Tex.Crim. App.1977) i.e.: ". . . an instruction on the law of ... criminal responsibility for the conduct of another under Sec. 7.02 ... is a State's charge and does not protect a defendant's right"; the error resulting from the trial court's failure to require such a finding was calculated to injure appellant's rights.

We agree with the State's argument that appellant misstates the State's burden.

In a case involving the issue not unlike the one presented by these appeals the court in *Reid v. State*, 57 S.W. 662, 664 (Tex.Crim.App.1900) determined it was not error to refuse a requested charge that specifically named the other parties involved in the offense. In *Reid* the defendant was charged with cattle theft by acting in conjunction with two other specified persons. However, the charge instructed the jury that the proof must show that the accused, either alone or in conjunction with others, committed the offense. The identity of the others was not specified in the charge. Despite objections to the charge the court concluded that the jury would look to the proof as to the others and the defendant had no right to complain. *See also Serrato v. State*, 74 Tex.Cr.R. 413, 171 S.W. 1133, 1141 (Tex.Crim.App.1914), *Galvan v. State*, 598 S.W.2d 624, 629 (Tex. Crim.App.1979).

In *Durst v. State*, 675 S.W.2d 527, 529 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd.) it was held that the failure to name the other parties was not fundamental error; the court held that the jury could look to the evidence presented in the case for the identity of the parties and concluded there was no need to name them in the charge. *See also Jones v. State*, 659 S.W.2d 492, 493 (Tex.App.—Fort Worth 1983, no pet.). (Where the Court concluded that the failure to name the other party or specify the identity of the other actor in the charge did not prejudice the defendant).

In the case before us we conclude that the only relevant inquiry for the jury was whether others committed the offense charged in each case and appellant was criminally responsible for their action. Their identity is immaterial.

We hold that the court did not err in charging the jury in each case on the law of parties without specifying the identity of the other parties with whom appellant allegedly acted.

Accordingly, the court's refusal to sustain appellant's objection to the charge was correct.

The judgment in each case is affirmed.