**William Matthew SCHIFFERT a/k/a Jerry Schiffert, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0083–05.**

Court of Criminal Appeals of Texas.

Nov. 22, 2006.

Lisa Mullen, Fort Worth, for appellant.

Charles M. Mallin, Asst. Crim. D.A., Fort Worth, Matthew Paul, State's Attorney, Austin, for state

## OPINION

PER CURIAM.

William Matthew Schiffert was convicted of murder and sentenced to seventy-five years' confinement. Schiffert appealed, claiming, among other things, that the evidence was factually insufficient to support his conviction.[1] Relying on the factual-sufficiency standard set forth in our decision in *Zuniga v. State*,[2] the Second Court of Appeals reversed the judgment of the trial court, holding that the evidence is factually insufficient to support Schiffert's conviction.[3] The State's motion for rehearing was denied. We granted the State's petition for discretionary review, which includes the following grounds for review:

1. The court of appeals erred by misapplying the standard of review for factual sufficiency.

2. The court of appeals erred by employing, as an analytical construct for factual sufficiency, an alternative reasonable hypothesis to render the evidence per se factually insufficient.

3. The court of appeals erred in its factual sufficiency analysis by implicitly rejecting the doctrine of 'fair equipoise.'

4. The standard of review for factual sufficiency articulated in *Zuniga v. State*, ... and applied by the Second Court of Appeals, has merged into a legal sufficiency review, potentially barring a second trial under the double jeopardy clauses of the Fifth Amendment to the United States Constitution and Art. I, § 14 of the Texas Constitution.

After granting review in this case, this Court overruled the reformulated factual-sufficiency standard of review introduced in *Zuniga* in *Watson v. State*.[4] Because

---

1. *Schiffert v. State,* 157 S.W.3d 491, 492 (Tex. App.-Fort Worth 2004) (op. on reh'g).

2. 144 S.W.3d 477 (Tex.Crim.App.2004).

3. *Schiffert,* 157 S.W.3d at 496–99.

4. *Watson v. State,* 204 S.W.3d 404, 415–17 (Tex.Crim.App.2006).

the Second Court of Appeals did not have the benefit of this Court's opinion in *Watson* when it decided this case, we vacate the judgment of the Court of Appeals and remand to that court for reconsideration in light of our opinion in *Watson*.