Jason Earl WOOLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–06–00088–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 1, 2007.

Peter Justin, Houston, for appellant.

Jessica Alanne Caird, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and EDELMAN.

## MAJORITY OPINION

WANDA McKEE FOWLER, Justice.

A jury found appellant, Jason Earl Wooley, guilty of capital murder and sentenced him to forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises two issues in his appeal. He claims that the evidence adduced at trial was both legally and factually insufficient to sustain his conviction. Because we find that the evidence was sufficient when measured against a hypothetically correct jury charge, we affirm.

### Factual and Procedural Background

On July 15, 2004, appellant was present at the Perfect Rack pool hall, and appeared to be working as a bouncer. Nancy Almanza and her friend Claudia Beltran arrived at the pool hall late that evening to have drinks, and so that Almanza could speak with someone about getting a job at the establishment. Beltran was, at the time, dating Adrian Payan, who had come to the pool hall twice that evening to pick up cash from Beltran, and to borrow Beltran's cell phone. At some point in the evening, a man named Marcos asked Beltran to call Payan, which she did, apparently relaying the message that someone at the pool hall wanted to engage Payan in a fist fight. Payan returned to the pool hall, apparently ready for the fist fight, as Beltran and Almanza were leaving. Payan and his friend Escobar left a third person, the complainant, in the vehicle, and approached the front door of the pool hall where appellant stood.

Appellant took offense to Payan's manner of approaching, brandished a pistol, and fired one shot into the ground. Payan and Escobar turned and ran, and several witnesses testified that at this point a barrage of gunfire was heard. There was testimony that appellant fired several more shots, following Payan and Escobar into the parking lot. There was also testimony that a man in a blue shirt, later identified as Pablo Velez, also fired a gun in the parking lot. The police officers who analyzed the crime scene said that at least three, and possibly four, people fired shots. Payan was shot, but managed to hide in a "bus barn" next door to the pool hall. The complainant apparently left the vehicle at some point, and was fatally shot. The police could not determine who fired the shot causing the fatal injury.

Under the charge, appellant could have been convicted in one of four ways: for intentionally or knowingly causing the death of the complainant by shooting him with a firearm, or for causing the death of the complainant by intentionally or knowingly committing an act clearly dangerous to human life while intending to cause serious bodily injury, or for being a party to Velez's commission of either of those offenses. The jury entered a verdict of guilty, without specifying which theory it relied upon.

### Analysis

Assuming, without deciding, that the evidence in support of convicting appellant as a principal is insufficient, we will turn our attention to analyzing whether evidence was sufficient to sustain a conviction as a party.

### I. Our Basis for Review of a Sufficiency Challenge

#### A. We Measure Against the Hypothetically Correct Charge

▮ When reviewing the sufficiency of evidence we do not measure the sufficiency by the jury charge actually given, but rather by the hypothetically correct jury charge for the case. *Malik v. State,* 953

S.W.2d 234, 239–40 (Tex.Crim.App.1997).[1] Such a charge would accurately set out the law, be authorized by the indictment, would not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and would adequately describe the particular offense for which the defendant was tried. *Id.* at 240. The purpose of this rule was stated as "ensur[ing] that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime rather than a mere error in the jury charge submitted." *Id.* Under *Malik*, before we may perform an evidence sufficiency review, we must determine what a hypothetically correct jury charge allowing conviction as a party to murder would look like.

A person may be found guilty as a party to an offense if he is criminally responsible for the conduct of the person who committed the offense. Tex. Pen.Code § 7.01(a). A person is criminally responsible for the offense committed by another's conduct if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2).

**B. This Jury Charge Incorrectly Increased the State's Burden**

■ We find the jury charge in this case incorrect in its application of the law of parties. Under the charge, appellant could be found guilty as a party only upon a finding that Pablo Velez, Jr. caused the complainant's death. We believe that restricting the identity of the principal in this way unnecessarily increased the State's burden of proof, thereby rendering the charge incorrect.

■ Parties to an offense need not be named in the charge, since the jury is capable of looking to the evidence to identify any parties. *See Galvan v. State*, 598 S.W.2d 624, 629 (Tex.Crim.App.1979); *Reid v. State*, 57 S.W. 662, 663–64 (Tex. Crim.App.1900); *Durst v. State*, 675 S.W.2d 527, 529 (Tex.App.-Houston [14th Dist.] 1983, pet. ref'd). When the jury looks to the evidence to identify parties, the evidence itself need not contain the parties' names. *See Webb v. State*, 760 S.W.2d 263, 267, 275 (Tex.Crim.App.1988) (approving of a jury instruction that allowed conviction for capital murder if defendant "aided or attempted to aid *another person*") (emphasis added); *Jones v. State*, 659 S.W.2d 492, 493 (Tex.App.-Fort Worth 1983, no pet.) (approving of use of the word "another" in parties charge when identity of three co-parties was unknown). Rather, the only relevant inquiry for the jury is whether others committed the offense charged and whether appellant was criminally responsible for their actions. *Childress v. State*, 917 S.W.2d 489, 493 (Tex.App.-Houston [14th Dist.] 1996, no pet.) (citing *Gordon v. State*, 714 S.W.2d 76 (Tex.App.-San Antonio 1986, no pet.)).[2]

1. We continue to assume that *Malik* applies to both legal and factual sufficiency review, though the Court of Criminal Appeals has only expressly applied it to the former. *See Villani v. State*, 116 S.W.3d 297, 307 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd).

2. At least one commentator has suggested that the Court of Criminal Appeals may require that the charge name the primary actor. *See* 43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Proce-

dure § 36.20 n. 6 (2d ed.2001) (citing to *Jaycon v. State*, 651 S.W.2d 803, 808 (Tex.Crim. App.1983)). We think that *Jaycon* stands only for the proposition that the court must give a complete application paragraph as to party liability when necessary. In outlining what the charge in that case should have contained, we think that the court used the principal's name simply because it was known. We do not believe that the Court of Criminal Appeals meant to suggest a requirement that the prin-

The jury charge should have allowed a conviction as a party if the jury found that "Pablo Velez, Jr. *or another person*" caused the death of the complainant, and appellant, with intent to promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid "Pablo Velez, Jr. *or another person*" to commit the offense. Such an instruction would have relieved the State of the burden of proving that it was either Velez or appellant whose bullet killed the complainant, and would have allowed the jury to find that anyone involved in the shooting, including unnamed individuals, caused the death. With this in mind, we turn to consider the sufficiency of the evidence in this case.[3]

## II. Legal Sufficiency

### A. Standard of Review and Proof of Guilt as a Party

■ When reviewing the legal sufficiency of evidence, we examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State,* 905 S.W.2d 570, 574 (Tex. Crim.App.1995).

■ As mentioned above, we are restricting our review to whether the evidence sufficed to convict appellant as a party to murder. To convict a person as a party, it is first necessary to prove the guilt of another person as the primary

actor beyond a reasonable doubt. *Richardson v. State,* 879 S.W.2d 874, 882 (Tex. Crim.App.1993). Then the State must prove that the defendant intended to promote or assist the person, and that the defendant solicited, encouraged, directed, aided or attempted to aid that person in the commission of the criminal offense. Tex. Pen.Code § 7.02(a)(2); *Pesina v. State,* 949 S.W.2d 374, 382 (Tex.App.-San Antonio 1997, no pet.). Circumstantial evidence may be used to show that a person is a party to an offense. *Thomas v. State,* 915 S.W.2d 597, 599 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd). The circumstantial evidence must show that at the time of the offense, the parties were acting together, each contributing some part toward the execution of their common purpose. *Id.* at 599–600. In determining whether a defendant was a party, the court may examine the events occurring before, during, and after the commission of the offense. *Id.* at 600.

In this case, we examine the record for evidence that would allow a rational juror to find beyond a reasonable doubt that: 1) Pablo Velez, Jr., or another person, intentionally or knowingly caused the death of complainant, or intending to cause serious bodily injury to complainant, caused his death by intentionally or knowingly committing an act clearly dangerous to human life; 2) appellant had the intent to promote or assist the commission of the murder; and 3) appellant solicited, encouraged, directed, aided or attempted to aid that person in the commission of the murder.

cipal's name always be included in a charge instruction.

3. Deciding a case on facts or law not submitted to the jury can raise constitutional concerns. *Malik,* 953 S.W.2d at 238 n. 3. However, this case does not implicate constitutional concerns. We are altering the factual determination made by the jury no more

than was done in *Young v. State,* in which the Court of Criminal Appeals lowered the burden on one element of an enhancement statute from showing that a prior offense occurred near school owned land to showing that the offense occurred near a school. 14 S.W.3d 748, 750–53 (Tex.Crim.App.2000).

## B. Evidence Was Legally Sufficient

First, ample evidence shows that either Velez or someone else intentionally shot and killed complainant or caused his death by intentionally or knowingly committing an act clearly dangerous to human life. According to the testimony of the witnesses, as well as the analysis of the investigating officers, the gunfire appeared to be in the nature of an ambush of Payan. The circumstances of the shooting—a free-wheeling shoot out without regard for the safety of people in the parking lot—provide more than enough proof that the person who fired the fatal shot intended to kill or do serious bodily injury, and it was undisputed that the gunshot wound received during the shootout caused the complainant's death.

Next, we determine if the State sufficiently proved that appellant intended to promote or assist the murder. Appellant requested the fist fight with Payan, thereby drawing Payan to the pool hall. Immediately after appellant fired his first shot into the ground, more gunfire was heard and seen coming from gunmen in the parking lot. According to the testimony of Beltran, appellant followed Payan and Escobar into the parking lot and fired multiple rounds at them as they fled. Appellant was also seen leaving the scene of the crime in a Cadillac along with a gunman from the parking lot, who was later identified as Velez. This evidence is enough to allow a rational juror to conclude beyond a reasonable doubt that appellant was involved with other gunmen as part of a coordinated attack at least on Payan and Escobar, without regard for the safety of anyone who may have accompanied them to the pool hall.

The final element is whether legally sufficient evidence shows that appellant solicited, encouraged, directed, aided or attempted to aid the murderer in the completion of the offense. Appellant aided the ambush by having the message relayed to Payan that appellant wanted to fight him. Appellant furthered the ambush by shooting at Payan, Escobar, and complainant in the parking lot. These acts sufficiently show that appellant aided the murderer. The fact that other shots were not heard or seen until appellant fired the first shot toward the ground also suggests that he was aiding in the completion of the offense. All of this evidence taken together would allow a rational juror to conclude beyond a reasonable doubt that appellant did indeed aid or encourage the commission of the offense. We hold the evidence was legally sufficient to support a verdict of guilty based on his participation as a party.

## III. Factual Sufficiency

### A. Standard of Review

In a factual sufficiency review, we consider all the evidence in a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). A court of appeals may not reverse a jury's decision just because it disagrees with the result. *Id.* We may only find the evidence factually insufficient where necessary to prevent manifest injustice. *Id.*

### B. Evidence Was Factually Sufficient

Appellant attacks the factual sufficiency of the evidence with ten numbered points apparently attacking the two elements of party liability—intent and soliciting, encouraging, directing, aiding, or attempting to aid. The jury is the sole judge of the credibility of the witnesses and the weight to be given the witnesses' testimony. *See Jones v. State*, 944 S.W.2d

642, 648 (Tex.Crim.App.1996). Unless the available record clearly reveals a different result is appropriate, an appellate court must defer to the jury's determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered. *Johnson v. State*, 23 S.W.3d 1, 8 (Tex.Crim.App.2000).

■■■ Appellant's first three points all complain of a lack of evidence of a connection between appellant and Velez, and the lack of evidence of a plan or agreement. As stated above, circumstantial evidence may provide the proof that the parties were acting together. Even though, as Appellant points out, no direct evidence of a plan exists, circumstantial evidence showed a plan. Immediately following appellant's first shot, gunfire erupted from one or more people already at the pool hall when Payan arrived. During, or shortly after, the fight, appellant and Velez were seen leaving in the same car. Both facts are very strong evidence of both intent to aid and actual aid. The lack of direct evidence of a plan or agreement does not overwhelm the circumstantial evidence that appellant and Velez acted together pursuant to a plan. Additionally, as we stated above, under the hypothetically correct jury charge, appellant could be convicted if he was found to have been acting in concert with any person the jury believed to be the murderer, not just Velez. Thus, whether appellant was sufficiently connected to Velez is immaterial.

In his numbered points four through seven and nine, appellant attempts to cast doubt on the factual sufficiency of the evidence by bringing to light facts that impeach the testimony of several witnesses:

- Beltran's testimony at trial that appellant and Velez left together conflicted with her statement to police, in which she said she did not see appellant leave.
- Beltran and Almanza each had several alcoholic beverages that evening.
- Payan testified that he was shot in the back, when medical records suggest he was shot in the stomach.
- Payan had committed two robberies and was imprisoned at the time of appellant's trial.
- Testimony conflicted regarding whether Payan took his shirt off as he approached appellant in the parking lot.

In his two remaining numbered points, rather than pointing to impeaching evidence from trial, appellant presents versions of events which the State failed to rule out:

- The State did not rule out the possibility that any other gunman could have been a friend of Payan's rather than an associate of appellant.
- The State could not affirmatively show that appellant's gun fired the bullet that killed complainant.

Appellant presented no witnesses at trial. He relies on these uncertainties in the evidence to claim that the verdict is factually insufficient. This argument is no different than asking us to disregard the jury's assessment of the credibility and weight of the State's evidence and to substitute our own. We cannot do this absent manifest injustice, which is not present here. *See Cain*, 958 S.W.2d at 407.[4] We

**4.** Appellant also contends that *Schiffert v. State* should control our analysis. 157 S.W.3d 491 (Tex.App.-Fort Worth 2004, pet. granted), *vacated*, 207 S.W.3d 800 (Tex.Crim. App.2006). *Schiffert* was vacated and remanded for further consideration because the

overrule appellant's complaint of factual insufficiency.

### Conclusion

Having overruled both appellant's legal and factual sufficiency issues, we affirm the judgment of the trial court.

HEDGES, C.J., concurring.

ADELE HEDGES, Chief Justice, concurring.

I respectfully concur. I believe that the majority has gone beyond appropriate application of *Malik v. State* when it reviews the *factual* sufficiency of the evidence against a hypothetically correct jury charge as opposed to against the charge actually given.

In *Malik*, the trial court charged the jury that the legality of the defendant's detention was a prerequisite for conviction. 953 S.W.2d 234, 235 (Tex.Crim.App.1997). The court of appeals reversed and acquitted, finding that the evidence was legally insufficient to show reasonable suspicion to justify a traffic stop. *Id.* The Court of Criminal Appeals reversed, holding that the legality of the defendant's detention was not an element of the offense and should not have been considered in reviewing the sufficiency of the evidence to sustain the conviction. *Id.* at 240. The Court fashioned a new standard of review for sufficiency of the evidence: it discarded the former rule measuring evidence against the charge as given and instead

mandated examination of the evidence in the light of a hypothetically correct charge. *Id.*

In this landmark opinion, the Court of Criminal Appeals revisited the *Benson/Boozer* line of cases, which measured sufficiency of the evidence "by the jury charge if that charge is more favorable to the defendant than the law requires and if the State fails to object." *Malik*, 953 S.W.2d at 235 (citing *Boozer v. State*, 717 S.W.2d 608 (Tex.Crim.App.1984), and *Benson v. State*, 661 S.W.2d 708 (Tex.Crim. App.1982)).[1] The Court recognized the dilemma faced by the State under this principle: that if evidence was not legally sufficient as compared to an erroneous charge, even if it were sufficient as compared to the statutory elements of the offense, a conviction was reversed and acquittal ordered because of trial error, not because of insufficiency of the evidence. *Benson/Boozer* permits, indeed contemplates, that convicted persons who are guilty of the charged offense may be acquitted on appeal based on an erroneous and/or unnecessary instruction in the jury charge to which the State failed to object. This result represents nothing less than a defendant's windfall—an acquittal based on mere charge error, for which the historic remedy is remand for new trial. Accordingly, the *Malik* court overruled the *Benson/Boozer* line of cases and announced that henceforth, the legal sufficiency of the evidence would be measured against "the

Fort Worth Court of Appeals evaluated factual sufficiency under *Zuniga v. State*, 144 S.W.3d 477 (Tex.Crim.App.2004), which has been recently overruled by *Watson v. State*, 204 S.W.3d 404 (Tex.Crim.App.2006). We therefore find it unnecessary to distinguish *Schiffert* without knowing how the Fort Worth court will analyze the facts under *Watson*.

**1.** It is important to note that when the latter two cases were decided, Texas appeals courts

considered only legal sufficiency, not factual sufficiency; it was not until *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996), that courts were authorized to consider factual sufficiency. Therefore, any reference in *Benson/Boozer* perforce refers to legal sufficiency. Legal insufficiency of the evidence requires reversal and rendition of a conviction not merely reversal and remand.

elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not necessarily increase the State's burden of proof or unnecessarily restrict the State's theory of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 241. It is clear that in *Malik*, the Court of Criminal Appeals addresses only the standards for legal sufficiency review. Its occasional use of the less specific phrase "sufficiency of the evidence" notwithstanding, legal sufficiency was unquestionably the issue at hand.[2]

The primary basis of *Malik*'s directive to use a hypothetically correct jury charge in assessing sufficiency of the evidence is the *Jackson* standard: "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Legal sufficiency review (or in federal cases, sufficiency review) is not particularly concerned with what charge was actually given to the jury; instead, it is concerned with whether the evidence established the **essential elements of the offense.**[3] *See Evans v. State*, 202 S.W.3d 158, 161 (Tex.Crim.App.2006). The standard does not focus on the actual jury in the case, the actual charge, or the actual

verdict; it posits the review of "any rational trier of fact" of the "essential elements" of the offense. Thus, reviewing the evidence against a hypothetically correct charge in the legal sufficiency context makes logical sense.

The reasoning in *Malik*—that the issue in legal sufficiency review is whether the evidence establishes the essential elements of the offense beyond a reasonable doubt— is a poor fit in factual sufficiency analysis, where the standard of review is whether "the great weight and preponderance of the ... evidence contradicts *the jury's verdict.*" *Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App.2006) (emphasis omitted and added). "[N]othing about *Jackson* impacts the legitimacy or fate of factual-sufficiency review in criminal cases in Texas." *Id.* at 412. The context of factual sufficiency review stands in stark contrast to that of legal sufficiency review. The question of whether the evidence is constitutionally sufficient is unrelated to the question of how rationally the verdict was actually reached. *Jackson*, 443 U.S. at 319 n. 13, 99 S.Ct. at 2789 n. 13. Where legal sufficiency review essentially ignores the jury (except for the fact that there was a conviction) and considers whether the evidence establishes the essential elements of the offense, factual sufficiency review respects the jury's decision and is, indeed, a direct review of the jury's verdict itself.

Accordingly, legal sufficiency is not concerned with the actual charge given but

---

2. The Court's use of more generic phrasing may have been because it discusses a number of federal cases that use that phrasing, "sufficiency of the evidence." *See Malik*, 953 S.W.2d at 236–38 (and cases cited therein). Federal courts do not use the monikers "factual sufficiency" and "legal sufficiency" because they, in effect, only perform reviews of legal sufficiency of the evidence. *See generally Clewis*, 922 S.W.2d at 132–33 (discussing the genesis of factual sufficiency review in Texas and its relationship, or lack thereof, to

federal due process). This is because factual sufficiency review does not implicate federal due process concerns. *See id.*

3. Any problems with the actual charge in federal cases are examined for trial error, not sufficiency of the evidence. *See Malik*, 953 S.W.2d at 237 (discussing *Forman v. United States*, 361 U.S. 416, 429–30, 80 S.Ct. 481, 486, 4 L.Ed.2d 412 (1960)).

rather with a hypothetically correct charge focusing on the elements of the offense. Factual sufficiency, on the other hand, is directly tied to the charge given. Where, as here, the jury was asked a specific factual question, *i.e.*, whether appellant was a party to an offense committed by a specific primary actor, the only way to assess whether *the verdict* was supported by evidence is to consider the charge actually given. By inserting a hypothetically correct charge into its factual sufficiency analysis, the majority reviews a question that was never posed to the jury, *i.e.*, whether appellant was a party to an offense committed by "another person" (*i.e.*, not necessarily Pablo Velez, Jr.).

The extension of *Malik* and the hypothetically correct jury charge into the realm of factual sufficiency review is hardly unique to the majority. Many Texas Courts of Appeals have opined that *Malik* applies as equally to factual sufficiency challenges as to legal sufficiency challenges. The majority here states the matter as honestly as any court has or could: "We continue to assume that *Malik* applies to both legal and factual sufficiency review, though the Court of Criminal Appeals has only expressly applied it to the former." *Maj. Op. supra* at 735, n. 1 (citing *Villani*

*v. State*, 116 S.W.3d 297, 307 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd)). Most courts that have applied *Malik* principles in the factual sufficiency context have either simply cited *Malik* directly for the proposition,[4] or cited other courts of appeals' cases for the proposition.[5] The closest any court has come to cogent analysis of the issue is the Dallas Court of Appeals' statement in *Reaves v. State*, that "[a]lthough *Malik* involved a challenge to the legal sufficiency of the evidence, we discern nothing in the opinion that limits its holding to that category of sufficiency challenges." 970 S.W.2d 111, 116 (Tex. App.-Dallas 1998, no pet.).[6]

I recognize that creating two different and possibly contradictory standards of measurement of evidentiary sufficiency (one for legal sufficiency challenges and one for factual sufficiency challenges), could generate at least a practical complication. Courts of appeals decisions considering legal and factual sufficiency challenges could become considerably more involved, at least in cases where the hypothetical and actual charges are not identical. Under the current scheme, legal and factual sufficiency reviews are often conducted in one analysis with both standards in mind, usually for simplicity's

---

4. *See, e.g., Longoria v. State*, 154 S.W.3d 747, 754 (Tex. App.-Houston [14th Dist.] 2004, pet. ref'd) (Hedges, C.J.); *Wilson v. State*, 113 S.W.3d 785, 786 (Tex.App.-Tyler 2003, no pet.); *Garcia v. State*, 75 S.W.3d 493, 496 (Tex.App.-San Antonio 2002, pet. ref'd); *Brumfield v. State*, 18 S.W.3d 921, 924 (Tex. App.-Beaumont 2000, pet. ref'd); *Westfall v. State*, 10 S.W.3d 85, 91 (Tex.App.-Waco 1999, no pet.); *Phelps v. State*, 999 S.W.2d 512, 514 (Tex.App.-Eastland 1999, pet. ref'd); *Ortiz v. State*, 993 S.W.2d 892, 895 (Tex.App.-Fort Worth 1999, no pet.); *Warren v. State*, 971 S.W.2d 656, 659 (Tex.App.-Dallas 1998, no pet.).

5. *See, e.g., McKinney v. State*, 177 S.W.3d 186, 197 n. 8 (Tex.App.-Houston [1st Dist.] 2005),

*aff'd on other grounds*, 207 S.W.3d 366 (Tex. Crim.App.2006); *Smith v. State*, 135 S.W.3d 259, 261 (Tex.App.-Texarkana 2004, no pet.); *Adi v. State*, 94 S.W.3d 124, 131 (Tex.App.-Corpus Christi 2002, pet. ref'd); *Phelps*, 999 S.W.2d at 514.

6. In *Nesbitt v. State*, 958 S.W.2d 952 (Tex. App.-Beaumont 1998, no pet.), the Beaumont Court of Appeals took a similar stance regarding the applicability of *Malik* principles in the factual sufficiency context. The court simply stated: "Nesbitt has not supplied us with a reason why *Malik* should not apply to factual sufficiency reviews as well as to reviews of the legal sufficiency of the evidence...." *Nesbitt*, 958 S.W.2d at 954.

sake or because the appellant does not make separate arguments. Yet notwithstanding the convenience factor, as Judge Cochran recognized in *Watson*, "[i]t is essential that evidentiary hurdles like *Jackson* and *Clewis* be easily distinguishable. If they are not easily and logically distinguishable, allowing both to apply muddles the law[.]" *Watson*, 204 S.W.3d at 423 (Cochran, J., dissenting). I believe that two complete and separate reviews should be required whenever the hypothetically correct charge differs from the actual charge given.[7]

However, because I believe that the evidence in this case was factually sufficient to sustain the conviction under either a hypothetically correct charge or the charge actually given, I concur in the judgment.

---

**7.** The ultimate question of whether *Malik* and the hypothetically correct charge should apply in factual sufficiency review is beyond the intended scope of this concurrence. The simple goal of this concurrence is to point out that the reasoning of *Malik* itself does not extend its principles into the realm of factual sufficiency and, indeed, appears to run contrary to that notion.