NO.
12-06-00145-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

TONY JAMES STRICKLAND,       §          APPEAL FROM THE 420TH

APPELLANT

 

V.        §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          NACOGDOCHES COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            Tony
James Strickland, also known as Tony St. Louis, appeals his conviction for
aggravated robbery.  In one issue,
Appellant claims that his Fourteenth Amendment due process rights were violated
because his conviction was based upon insufficient evidence.  We affirm.

 

Background

            On June 17, 2004, Appellant and
three other men traveled to an on-campus apartment at Stephen F. Austin State
University (“SFA”).  Once there, the
group robbed at gun point Corey Goodall, a drug dealer and SFA scholarship
athlete.  Because the stolen items
included illegal drugs, Goodall did not report the crime.  Goodall’s roommate eventually contacted law
enforcement.

            Appellant was indicted on one count
of aggravated robbery.[1] 
A jury found Appellant guilty of the offense and sentenced him to
fifteen years of imprisonment.  This
appeal followed.

 

Sufficiency of the Evidence








            In his sole issue, Appellant alleges
that his due process rights under the Fourteenth Amendment to the United States
Constitution have been violated because his conviction was based upon legally
and factually insufficient evidence. 
Appellant’s legal and factual sufficiency discussions are the basis for
his argument that his Fourteenth Amendment due process rights have been
violated, rather than independent grounds of appeal.  As such, the only issue on appeal is whether
there has been a violation of the Fourteenth Amendment.

Standard
of Review

            The Due Process Clause of the
Fourteenth Amendment requires that evidence be legally sufficient to sustain a
criminal conviction.  Jackson v.
Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d
560 (1979).  Evidence is legally
sufficient when an appellate court, viewing the evidence in the light most
favorable to the judgment, determines that a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Johnson v. State, 871 S.W.2d
183, 186 (Tex. Crim. App. 1993) (citing Jackson, 443 U.S. at 319,
99 S. Ct. at 2789).  We must bear in mind
that the jury is the exclusive judge of the credibility of witnesses and of the
weight to be given their testimony.  Barnes
v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994).  The jury is entitled to draw reasonable
inferences from the evidence.  Dudley
v. State, 205 S.W.3d 82, 86-87 (Tex. App.–Tyler 2006, no pet.).  Likewise, reconciliation of conflicts in the
evidence is within the exclusive province of the jury.  Losada v. State, 721 S.W.2d
305, 309 (Tex. Crim. App. 1986).

            Unlike legal sufficiency, the Due
Process Clause of the Fourteenth Amendment does not guarantee that a conviction
will be based upon factually sufficient evidence, as the term “factually
sufficient evidence” is defined by Texas law. 
See Wooley v. State, No. 14-06-00088-CR, 2007 WL 1266146,
at *6 n.2 (Tex. App.–Houston [14th Dist.] May 1, 2007, no pet. h.) (Hedges,
C.J., concurring) (“[F]actual sufficiency review does not implicate federal due
process concerns.”); see also Clewis v. State, 922 S.W.2d
126, 132-34 (Tex. Crim. App. 1996) (discussing the genesis of factual
sufficiency review in Texas and its relationship, or lack thereof, to federal
due process).  Therefore, even if
Appellant’s conviction was based upon “factually insufficient evidence,” a
federal due process violation would still not have occurred.[2]  See id.  Because the issue before us is whether
Appellant’s federal due process rights were violated, we decide only whether
the evidence supporting his conviction was legally sufficient.

Discussion

            Appellant argues that the evidence
is legally insufficient to support a finding that Goodall was “in possession of
or had a superior right to” the property alleged to have been stolen.

            Goodall testified about the property
that was taken from his possession.  The
stolen property was described by Goodall as a cellular telephone, approximately
$700 to $1000 in cash, and “cocaine, crack, and ‘X’ pills.”  In support of Goodall’s testimony, the State
presented prior testimony from Terry Moore, an accomplice to the robbery.[3]  Moore’s testimony included a statement that,
during the robbery, Appellant went into a room of Goodall’s apartment and
retrieved a “briefcase containing cocaine, crack, and ‘X’ pills.”  None of the stolen items were ever found by
law enforcement, and, thus, were not available to be admitted into evidence.

            According to Appellant, the State’s
evidence as to the existence of the property in question was based solely on
information provided by Goodall. 
Appellant argues that Goodall’s testimony and statements to law
enforcement did not provide the necessary specificity to make him a credible
witness.  Appellant also argues that
Goodall could not be relied upon without corroboration, because he had
previously made an inconsistent statement to law enforcement.  Specifically, when first questioned by the
campus police, Goodall stated that he had been robbed and that the items taken
were athletic jerseys.  It was not until
later, after Goodall himself had been charged with possession of a controlled
substance, that Goodall changed his story and gave a written statement to the
campus police stating that the items stolen consisted of illegal drugs and
money.

            Appellant’s argument is flawed for
two reasons.  First, Goodall was not the
sole source of eyewitness testimony as to the existence and possession of the
property in question.  Moore’s testimony
included a statement that, during the robbery, Appellant went into a room of
Goodall’s apartment and retrieved a “briefcase containing cocaine, crack, and ‘X’
pills.”  This was evidence that the
stolen property in question existed, that it was in Goodall’s possession, and
that Goodall had a superior right to possession of these items.  

            Second, even if Goodall were the
only source of eyewitness information regarding the stolen property, the
evidence would still be legally sufficient. 
Appellant presented no witnesses at trial.  To support his claim that the evidence was
legally insufficient, he points out that Goodall gave prior inconsistent
statements and that he was vague as to the exact amounts of money and drugs
stolen. Thus, Appellant is essentially asking us to disregard the jury’s
assessment of the credibility and weight of Goodall’s testimony and to
substitute our own assessment.  We cannot
do this absent manifest injustice, which is not present here.  See Barnes, 876 S.W.2d
at 321.

            After reviewing the evidence in the
light most favorable to the verdict, we hold that a rational trier of fact
could have found beyond a reasonable doubt that Goodall was in possession of or
had a superior right to the property alleged to have been stolen.  Therefore, the evidence was legally sufficient
to support the jury’s finding.  See Johnson,
871 S.W.2d at 186.  As such, we overrule
Appellant’s sole issue.

Disposition

We
affirm the trial court’s judgment. 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered May 23, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex. Penal Code Ann. § 29.03 (Vernon 2003).





[2] We do not address here whether the evidence of Appellant’s guilt was
factually sufficient.





[3] At the trial, Moore invoked his Fifth Amendment right against self-incrimination.  As a result, the trial court allowed both
parties to read to the jury sections of Moore’s testimony from a previous
trial.