IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0861-07






JASON EARL WOOLEY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Meyers, J., filed a concurring opinion.


CONCURRING OPINION 


 

 The factual-sufficiency review standard has been continuously criticized for being
virtually indistinguishable from the legal-sufficiency standard of review. See Marshall v.
State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). Now, the majority unnecessarily
muddles the waters even more by applying the Malik (1) rule to factual sufficiency. I agree
with the statement in Judge Hedges' concurring opinion that, "The reasoning in
Malik-that the issue in legal sufficiency review is whether the evidence establishes the
essential elements of the offense beyond a reasonable doubt-is a poor fit in factual
sufficiency analysis. . . ." (2) Although we have never explicitly stated that the Malik rule
applied only to legal sufficiency, it seems obvious that a hypothetically correct jury
charge has no place in a factual-sufficiency review. When performing a factual-sufficiency analysis, the reviewing court has already determined that the evidence is
legally sufficient as compared to a hypothetically correct jury charge, so there is no need
to examine the elements of the jury charge again. The reviewing court's sole concern
when performing a factual-sufficiency review should be whether, when weighing all of
the evidence, the evidence supporting the verdict is so weak as to render the verdict
clearly wrong or manifestly unjust, or whether, considering conflicting evidence, the
jury's verdict is against the great weight and preponderance of the evidence. Watson v.
State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). 

 Although I disagree with adjusting the factual-sufficiency review standard once
again, I do agree that, after examining all of the evidence presented at trial and viewed in
a neutral light, the evidence was factually sufficient to support Appellant's conviction. 
Therefore, I concur with the majority's judgment, but not its reasoning.

 Meyers, J.

Filed: June 25, 2008

Publish
1. 953 S.W.2d 234 (Tex. Crim. App. 1997).
2. Wooley v. State, 223 S.W.3d 732, 740 (Tex. App.-Houston [14th Dist.] 2007).