

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0861-07

**JASON EARL WOOLEY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**MEYERS, J., filed a concurring opinion.**

### CONCURRING OPINION

The factual-sufficiency review standard has been continuously criticized for being virtually indistinguishable from the legal-sufficiency standard of review. *See Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). Now, the majority unnecessarily muddles the waters even more by applying the *Malik*[1] rule to factual sufficiency. I agree with the statement in Judge Hedges' concurring opinion that, "The reasoning in

---

[1] 953 S.W.2d 234 (Tex. Crim. App. 1997).

*Malik*–that the issue in legal sufficiency review is whether the evidence establishes the essential elements of the offense beyond a reasonable doubt–is a poor fit in factual sufficiency analysis. . . ."[2]  Although we have never explicitly stated that the *Malik* rule applied only to legal sufficiency, it seems obvious that a hypothetically correct jury charge has no place in a factual-sufficiency review.  When performing a factual-sufficiency analysis, the reviewing court has already determined that the evidence is legally sufficient as compared to a hypothetically correct jury charge, so there is no need to examine the elements of the jury charge again.  The reviewing court's sole concern when performing a factual-sufficiency review should be whether, when weighing all of the evidence, the evidence supporting the verdict is so weak as to render the verdict clearly wrong or manifestly unjust, or whether, considering conflicting evidence, the jury's verdict is against the great weight and preponderance of the evidence.  *Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006).

Although I disagree with adjusting the factual-sufficiency review standard once again, I do agree that, after examining all of the evidence presented at trial and viewed in a neutral light, the evidence was factually sufficient to support Appellant's conviction.  Therefore, I concur with the majority's judgment, but not its reasoning.

Meyers, J.

Filed: June 25, 2008
Publish

---

[2]*Wooley v. State*, 223 S.W.3d 732, 740 (Tex. App.–Houston [14th Dist.] 2007).