Affirmed
and Memorandum Opinion on Remand filed October 22, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00088-CR

____________

 

JASON EARL WOOLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th District Court

Harris
County, Texas

Trial Court Cause No. 997,161

 



 

M E M O R
A N D U M   O P I N I O N   O N   R E M A N D








A jury found appellant, Jason Earl Wooley, guilty of murder
and sentenced him to confinement for forty years in the Institutional Division
of the Texas Department of Criminal Justice. This court originally affirmed
appellant=s conviction, finding the evidence was legally and factually sufficient
when viewed using a hypothetically correct jury charge pursuant to Malik v.
State, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997). See Wooley v.
State, 223 S.W.3d 732 (Tex. App.CHouston [14th Dist.] 2007, pet.
granted). The Court of Criminal Appeals reversed and remanded, holding that
this court=s use of a hypothetically correct charge violated appellant=s federal due process rights by
affirming the judgment on a theory not submitted to the jury. See Wooley v.
State, 273 S.W.3d 260, 271-73 (Tex. Crim. App. 2008). Because we find that
the evidence is sufficient to support the verdict, we affirm.

Factual and Procedural Background

An indictment charged appellant with murdering the
complainant by shooting him with a firearm.[1]
The State presented evidence from which a jury could rationally find that
appellant participated in an “ambush” of three unarmed men after luring them
into a pool hall parking lot. The attack began when appellant shot his 9‑millimeter
pistol into the ground as two of the intended ambush victims approached him. The
complainant waited in a car in the parking lot. Immediately afterwards, other
shots were heard coming from different locations in the parking lot. Shots seemed
to be coming from everywhere. Appellant fired several more shots at the two men
who had initially approached him. The complainant was fatally wounded, and another
victim was wounded but not killed. Appellant and another person got into a car
and drove off. The man accompanying appellant was Pablo Velez, identified as
one of the shooters. One 9‑millimeter shell casing matching appellant’s
pistol was recovered from the scene.

The police investigation identified four potential suspects
as the shooters. Only appellant and Velez were identified by witnesses at trial
as shooters. Police investigators concluded that four shooters using at least
three different caliber guns were involved in the attack. Because the fatal
bullet was not recovered, police could not determine which caliber gun killed
the complainant. 

The jury was instructed that it could convict appellant as a
principal or as a party to Velez=s actions in firing the fatal shot. The
jury convicted appellant of murder Aas charged in the indictment.@ On appeal, appellant argued that the
evidence is factually insufficient to support his conviction. We decided that
the submitted charge incorrectly applied the law of parties based on the
evidence in that it authorized appellant=s conviction as a party upon a
finding that appellant aided only Velez in causing the complainant=s death. A hypothetically correct
jury charge should have authorized appellant=s conviction as a party if the jury
found that appellant aided Velez Aor another person@ in causing the complainant=s death.[2]
See id. Measured against this hypothetical party’s charge, we found the
evidence factually sufficient to support a finding of appellant’s guilt as a
party. See Wooley, 223 S.W.3d at 737‑39.  

On petition for discretionary review, the Court of Criminal
Appeals held that although Malik applies to factual sufficiency reviews,
appellant=s federal due process rights were violated when we affirmed appellant=s conviction under the unsubmitted
theory that he aided Aanother@ to murder the complainant. 273 S.W.3d at 271. The Court of
Criminal Appeals further held that this due process violation is not subject to
a harm analysis. The case was remanded so that we could determine whether the
judgment may be affirmed on the facts submitted to the jury based on the charge
actually submitted, that is, whether sufficient evidence supports the jury=s verdict that appellant murdered the
complainant either as the principal actor or as a party to Velez=s actions.[3]

Analysis

When reviewing the legal sufficiency of evidence, we examine
the evidence in the light most favorable to the verdict to determine whether
any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Mason v. State, 905 S.W.2d 570, 574 (Tex. Crim. App. 1995). 

In a factual sufficiency review, we consider all the evidence
in a neutral light and reverse if the evidence supporting the verdict is so
weak that the verdict seems clearly wrong and manifestly unjust, or the
supporting evidence is outweighed by the great weight and preponderance of the
contrary evidence so as to render the verdict clearly wrong and manifestly
unjust. See Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App.
2006). 

Murder requires knowing or intentional conduct, which means
either (a) a conscious desire to engage in the conduct causing the result, or
(b) an awareness that the conduct is reasonably certain to cause the result.
Tex. Penal Code Ann. ' 19.02 (Vernon 2003); see also Arnold v. State, 234
S.W.3d 664, 670 (Tex. App.CHouston [14th Dist.] 2007, no pet.) (holding jury may presume
intent to kill from use of a deadly weapon).

The State presented evidence from which the jury could have
reasonably concluded appellant shot and killed the complainant. Appellant=s firearm was not excluded as the
weapon firing the fatal shot. One fired bullet and fifteen spent shell casings
collected at the scene were admitted into evidence. Although only one shell
casing was recovered from a 9‑millimeter weapon, both crime scene
officers testified that additional casings could have been present immediately
after the shooting, but they were removed from the scene before officers could
recover them. Witnesses saw appellant fire his weapon multiple times in the
parking lot. The complainant and another party to the ambush were both shot in
the back during the shoot-out. There was testimony that one or more of the
shooters was Achasing the victims@ and that appellant followed the surviving shooting victim
and continued to shoot at him. The surviving victim was certain appellant shot
him. The circumstances of the ambush provide sufficient evidence that appellant
intended to cause serious bodily harm and that his actions were clearly
dangerous to human life. There is no dispute that the complainant died as a
result of the shoot-out. Police investigators and another witness described
where the shooters stood and how they moved during the shooting. The crime
scene video and diagram of the location showed where shell casings and bloody
clothing were recovered. Based on these witnesses= descriptions of the shooting scene,
the jury could have reasonably concluded that appellant was the only person in
a position to shoot and kill the complainant.

Alternatively, the evidence is legally and factually sufficient
to support appellant=s conviction as a party to Velez=s actions. A person may be found
guilty as a party to an offense if he is criminally responsible for the conduct
of the person who committed the offense.
Tex. Penal Code Ann. ' 7.01(a) (Vernon 2003). A person is criminally responsible
for the offense committed by another=s conduct if, acting with intent to
promote or assist the commission of the offense, he solicits, encourages,
directs, aids, or attempts to aid the other person to commit the offense. Id.
' 7.02(a)(2). In making this
determination, the fact finder may look to events that occurred before, during,
or after the offense, and may rely on acts showing an understanding and common
design. Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1997). AAn agreement of parties to act
together in a common design can seldom be proved by words, but reliance can
often be had on the actions of the parties showing an understanding and a
common design to do a certain act.@ Wygal v. State, 555 S.W.2d
465, 469 (Tex. Crim. App. 1977). Therefore, participation in an enterprise may
be inferred from the circumstances and need not be shown by direct evidence. Id.;
Thomas v. State, 915 S.W.2d 597, 599 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d).

We examine the record for evidence that would allow a
rational juror to find beyond a reasonable doubt that: 1) Pablo Velez, Jr.
intentionally or knowingly caused the death of complainant, or, intending to
cause serious bodily injury to complainant, caused his death by intentionally
or knowingly committing an act clearly dangerous to human life; 2) appellant
had the intent to promote or assist the commission of the murder; and 3)
appellant solicited, encouraged, directed, aided or attempted to aid that
person in the commission of the murder.

First, the evidence is legally sufficient to show that Velez
intentionally shot and killed the complainant or caused his death by
intentionally or knowingly committing an act clearly dangerous to human life. A
witness identified Velez from a photo array as one of the shooters.[4]
There was testimony that in addition to firing his weapon during the attack,
Velez chased down the intended victims. A police investigator described Velez=s location at the shooting scene and
where the shells from his weapon were found. According to the testimony of the
witnesses, as well as the analysis of the investigating officers, the gunfire
appeared to be in the nature of an ambush. The circumstances of the shootingCa reckless shoot-out without regard
for the safety of people in the parking lotCprovide sufficient proof that the
person who fired the fatal shot intended to kill or do serious bodily injury,
and it was undisputed that the gunshot wound received during the shootout
caused the complainant=s death.

Next, we determine whether the evidence is legally sufficient
to establish that appellant intended to promote or assist the murder. Even
though, as appellant points out, no direct evidence of a plan exists, circumstantial
evidence showed a plan. Appellant and Velez were known associates; both
frequented the pool hall and may have worked there as bouncers. Appellant challenged
one of the ambush victims to a fist fight, thereby drawing him to the pool
hall. Immediately after appellant fired his first shot into the ground, more gunfire
was heard and seen coming from gunmen in the parking lot. Witnesses identified
Velez as one of the shooters. According to witness testimony, appellant
followed two individuals into the parking lot and fired multiple rounds at them
as they fled. Appellant was also seen leaving the scene of the crime in a
Cadillac along with a gunman from the parking lot, who was later identified as
Velez. A police investigator testified that the coordination of the gunmen
showed that the ambush was planned. This evidence is legally sufficient to
allow a rational juror to conclude beyond a reasonable doubt that appellant was
involved with other gunmen as part of a coordinated attack without regard for
the safety of anyone who may been with them.

The evidence is legally sufficient to show that appellant
solicited, encouraged, directed, aided or attempted to aid the murderer in the
completion of the offense. Appellant aided the ambush by having the message
relayed that he wanted to fight one of the ambush victims. Immediately
following appellant=s first shot, gunfire erupted from one or more people already
at the pool hall. Appellant furthered the ambush by shooting at the victims in
the parking lot. During, or shortly after, the shooting, appellant and Velez
were seen leaving in the same car. These facts are evidence that appellant
actually aided the murderer. The fact that other shots were not heard or seen
until appellant fired the first shot toward the ground suggests that he was
aiding in the completion of the offense. All of this evidence taken together
would allow a rational juror to conclude beyond a reasonable doubt that
appellant did indeed aid or encourage the commission of the offense. The lack
of direct evidence of a plan or agreement does not overwhelm the circumstantial
evidence that appellant and Velez acted together pursuant to a plan. We hold
the evidence was legally sufficient to support a verdict of guilty based on
appellant=s participation as a party.

Appellant presented no witnesses. Instead, he sought to cast
doubt on the factual sufficiency of the evidence by attempting to impeach the
testimony of several witnesses and by identifying inconsistencies in the
evidence.[5] His cross‑examination
of the State=s witnesses suggested that he fired only one initial shot into the ground
just before the other shooters started firing their weapons. To support his
position, he pointed to the evidence that the police recovered only one 9‑millimeter
shell casing at the scene. Appellant=s cross‑examination of the
State=s witnesses also suggested that he
could have been misidentified as the one who got into the car with Velez just
after the shooting stopped.

Appellant identified these specific inconsistencies in the
evidence:

$       
The trial testimony of the
girlfriend of the surviving victim that appellant and Velez left together
conflicted with her statement to police, in which she said she did not see
appellant leave. 

$       
The girlfriend and her friend,
another witness at trial, had drunk several alcoholic beverages that evening.

$       
There was very little evidence of
a connection between appellant and Velez and no direct evidence that they had
conversations or planned the shooting.

$       
There was no evidence showing
appellant=s connection to the other gunmen such that they would
participate in the shooting.

$       
The surviving victim testified
that he was shot in the back, when medical records indicate he was shot in the
stomach.[6]  

$       
The surviving victim had committed
two robberies and was in prison at the time of appellant=s trial.  

$       
Testimony conflicted regarding
whether the surviving victim took his shirt off in anticipation of a fist fight
as he approached appellant in the parking lot.

$       
Appellant=s gun was not linked to the shot that
killed the complainant.  

The jury is the sole judge of the credibility of the witnesses and the
weight to be given to the witnesses’ testimony. See Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996). Unless the record clearly reveals that a
different result is appropriate, an appellate court must defer to the jury’s
determination concerning what weight to give contradictory testimonial evidence
because resolution often turns on an evaluation of credibility and demeanor,
and the jurors were in attendance when the testimony was delivered. Johnson
v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). 

It is the jury=s responsibility to resolve conflicts in the evidence. Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). The jury could have
concluded that shooting a gun in the general direction of a group of people,
which included the complainant, was reasonably certain to result in a death. See
Rojas v. State, 171 S.W.3d 442, 447 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d) (finding the evidence legally and
factually sufficient to support a capital murder conviction for killing a
4-year old when the defendant fired in the direction of a group of people
during a drive-by shooting, even though another person was also seen firing his
weapon).

Appellant also argued the State failed to rule out other versions of
events, primarily, the possibility that either of the two other gunman could
have fired the fatal shot. The State is no longer required to negate every
possible hypothesis to establish a defendant=s guilt in circumstantial evidence
cases. See Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991)
(en banc), rev=d on other grounds, 938 S.W.2d 718 (Tex. Crim. App. 1996). 

When we view the evidence in a neutral light, which we must in a factual
sufficiency review, the great weight and preponderance of the evidence does not
contradict the jury=s verdict. See Watson, 204 S.W.3d at 417. Therefore,
we conclude that the evidence is factually sufficient to sustain appellant’s
conviction.

Conclusion

Having determined that legally and factually sufficient evidence supports
the jury=s verdict, we affirm the judgment of
the trial court. 

 

 

 

/s/        Adele Hedges

Chief Justice

 

 

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.

Do Not
Publish C Tex. R. App. P. 47.2(b).









[1]  The facts surrounding the shooting are more fully
described by the Court of Criminal Appeals.  See Wooley, 273 S.W.3d at
261-66.





[2]  See Malik v. State, 953 S.W.2d 234, 239-40
(Tex. Crim. App. 1997) (holding that an erroneous jury instruction is
irrelevant to a sufficiency review and that a Ahypothetically correct jury charge@
should be applied to the review).





[3]  Appellant=s
due process claim challenged this court=s
review of both the legal and factual sufficiency of the evidence. Therefore, we
have reviewed the evidence for legal and factual sufficiency.





[4]  Appellant has argued that the testimony from a
police investigator that the surviving victim=s girlfriend (who he referred to as his Ababy mama@) identified Velez as a shooter should not be
considered because it was hearsay that the witness did not corroborate during
her trial testimony. The detective=s
testimony was admitted without objection, the jury was permitted to weigh and
consider its probative value, and this court may consider it on review. See
Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. App. 2005).





[5]  An appellate opinion addressing factual sufficiency
must include a discussion of the most important evidence that appellant claims
undermines the jury=s verdict. Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003). 





[6]  The records actually show the surviving victim had a
AGSW to abdomen,@
and a drawing showed the entrance wound in the lower right back, with the exit
wound on the lower right front of the abdomen.