

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-74,676-04

### EX PARTE JASON EARL WOOLEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 997161-C IN THE 176TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to forty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Wooley v. State*, 223 S.W.3d 732 (Tex. App.— Houston [14th Dist.] 2007). We granted Applicant's petition for discretionary review and reversed and remanded. *Wooley v. State*, 273 S.W.3d 260 (Tex. Crim. App. 2008). On remand, the Fourteenth Court of Appeals affirmed Applicant's conviction. *Wooley v. State*, No. 14-06-00088-CR (Tex. App.—Houston [14th Dist.] Oct. 22, 2009) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to investigate, interview, and call witnesses who worked at the Black Widow Tattoo Parlor.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the above claim. In his response, counsel shall state whether he investigated and interviewed these witnesses and why he did not call them at trial. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall make findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:   September 21, 2016
Do not publish